STARK BROS. CO. Plaintiff in Error, v. JOHN R. GOODING, Defendant in Error.

### Kansas City Court of Appeals, January 5, 1914.

1. **STATUTES: Limitations of: Installments.** In a contract to pay sixty dollars in five equal yearly installments, the Statute of Limitations will begin to run on each installment from the day it falls due.

2. ————: **Cause of Action: Accrual.** A cause of action accrues so as to set in motion the Statute of Limitations when an action may be brought upon it.

3. **INTEREST: Limitations.** Interest payable annually may be sued for when due apart from the debt, but whether it must be in order to avoid being barred is not decided.

Error to Boone Circuit Court.—*Hon. D. H. Harris.* Judge.

AFFIRMED.

*Anderson & Starrett* for defendant in error.

*Walker & Walker* for plaintiff in error.

ELLISON, P. J.—Defendant John R. Gooding bought of plaintiff a lot of fruit trees and agreed to set them out on his farm and to pay to plaintiff "sixty dollars, due and payable as follows: All payments and interests here after particularly specified to date from the first day of May, 1892; one-fifth in six years, one-fifth in seven years, one-fifth in eight years, one-fifth in nine years, one-fifth in ten years, with interest at the rate of six per cent per annum, and if the interest be not paid annually to become as principal and bear the same rate of interest; the right being reserved to said Gooding to pay the full amount together with accrued interest at any time he may elect within the period of ten years next after the date last above written."

175 Mo. App. 23

When this action was instituted no part of the debt had been paid and all but the last installment had been due more than ten years. The question for decision is whether limitation had run on those installments. It is clear that the statute will begin to run when the "cause of action shall have accrued," (Sec. 1887, R. S. 1909), and a right of action has accrued when a suit may be instituted for its enforcement. Therefore, since plaintiff might have commenced actions on each of these installments as it became due, the statute began to run from those dates. [25 Cyc. 1106; Bush v. Stovall, 71 Pa. St. 208; Burnham v. Brown, 23 Maine, 400; DeUprey v. DeUprey, 23 Cal. 352; Pelton v. Bemis, 44 Ohio St. 51; Robertson v. Pickerel, 77 N. C. 302; Gonsoulin v. Adams, 28 La. Ann. 598; Wood on Limitations, sec. 151; Angel on Limitations, sec. 110.] We do not see any particular phase of this contract which should take it from under the rule.

Plaintiff urges that the obligation for sixty dollars is a debt and that an action of debt will not lie until the whole sum is due. But by distinctions not based on much reason, assumpsit for damages for nonpayment of an installment could be maintained before others became due; though if the action were brought in debt it could not be instituted until all installments were due. [Rudder v. Price, 1 H. Blackstone, 547; Bush v. Stovall, supra.] In Iron Mountain Ry. Co. v. Stansell, 43 Ark. 275, the court said: "When a demand certain is payable by installments, upon maturity and nonpayment of one or more installments, covenant will lie. Nevertheless the obligee may wait until all the installments become due and payable and then bring debt;" and held that the statute would not begin to run until all were due. But this is contrary to the weight of authority. It is true that one may wait until all installments are due and then bring one action, but if while waiting some installments have

been due for the period of limitation they will be barred. We do not see that Roberts v. Nealey, 134 Mo. App. 612, cited by plaintiff, bears on the question.

It will be observed that the case before us concerns installments of the principal debt and not interest payable at stated times while the principal debt is unpaid. Interest payable annually may be the subject of an action separate from the principal (Stoner v. Evans, 38 Mo. 461; Casslio v. Martin, 11 Mo. App. 251), but whether it must be on pain of being barred is not before us. The subject is discussed in Ferry v. Ferry, 2 Cush. 92, 99; Grafton Bank v. Doe, 19 Vt. 463; Clark v. Iowa City, 20 Wall. 583 and Amy v. Dubuque, 98 U. S. 470.

The judgment is affirmed. All concur.