ALBERT YOUNG, ALBERT R. STROTHER and PIERRE R. PORTER, Executors of Estate of FRANK TITUS, Appellants, v. SOUTHWESTERN BELL TELEPHONE COMPANY and KANSAS CITY TELEPHONE COMPANY, Respondents.—3 S. W. (2d) 381.

Division Two, February 18, 1928.

*Albert Strother* and *Pierre R. Porter* for appellants.

1216

*Battle McCardle* for respondent Southwestern Bell Telephone Company; *Jos. W. Jamison* and *D. E. Palmer* of counsel; *L. E. Durham, Henry S. Conrad* and *Hale Houts* for respondent Kansas City Telephone Company.

BLAIR, J.—This action was commenced in the Circuit Court of Jackson County on July 5, 1922. The original plaintiffs were Albert Young and Frank Titus. To avoid confusion, we will refer to them in this opinion as plaintiffs. In addition to Southwestern Bell Telephone Company and Kansas City Telephone Company, who are respondents in this court, the Home Telephone Company and the Missouri & Kansas Telephone Company were named as defendants below. Respondents Southwestern Bell Telephone Company and Kansas City Telephone Company appeared in the circuit court and filed separate demurrers. No service of summons was obtained upon Home Telephone Company or Missouri & Kansas Telephone Company and neither of said companies entered its appearance in the court below. The separate demurrers of respondents were sustained by the trial court. Plaintiffs refused to plead over and the trial court dismissed their petition. Thereupon an appeal was granted to this court. Upon suggestion of the death of appellant, Frank Titus, since the appeal was granted in the circuit court, the cause has been revived here in the name of his executors, Strother and Porter, who have been made parties appellant and have entered their appearance in this court.

The facts gleaned from the petition are that plaintiffs owned a tract of land in Clay County abutting the Kansas City-Liberty public highway. During the year 1908 defendants Home Telephone Company and Missouri & Kansas Telephone Company, without permission from plaintiffs, entered upon the said premises of plaintiffs and erected thereon a telephone line, including poles, wires, etc., without condemning the same or compensating plaintiffs therefor in any manner. All this is alleged to have been to the great profit of said defendants and their successors, Southwestern Bell Telephone Company and Kansas City Telephone Company (respondents), and to the damage of plaintiffs in the sum of $10,000.

It is then alleged that "defendants the Home Telephone Company and the Missouri & Kansas Telephone Company at the outset of their

user of complainants' property by acquiescence therein of complainant owners as aforesaid and by operation of law became licensees of said complainants during and about the year 1908 as to the user herein set forth of complainants' property as stated herein and that said defendants the Kansas City Telephone Company and the Southwestern Bell Telephone Company jointly and severally became successors in estate or partners in statutory telephone privileges with said Missouri & Kansas Telephone Company and Home Telephone Company with due knowledge and means of knowledge of the existence of the attendant and foregoing facts and circumstances and thereby assumed and became liable jointly as well as severally to complainants for the indebtedness, obligations, and liabilities arising from such user and license and accruing to complainants and so continue: the license of and for such user as aforesaid has long since been revoked by the complainants and terminated, wherein and whereby said defendants the Home Telephone Company, the Missouri & Kansas Telephone Company in that connection agreed with complainants and by their several acts and acquiescence promised as matter of law full and adequate compensation to complainants for such prior continuation and subsequent use of the several telephonic fixtures and apparatus of said defendants emplaced by them upon and over said lands with such additions and replacements thereto made by defendants from time to time during the years aforesaid and up to the present date, which liabilities and obligations to compensate complainants is now and has been in the past largely augmented by the great increased use and value of such privileges in recent years as an integral part of the present consolidated and unified equipment of all said parties sued herein made several years ago and requiring over one hundred thousand miles of wire lines as claimed by said defendants and their unified and consolidated business carried on under the style and title of the Kansas City Telephone Company by and under the governmental powers of eminent domain vested in said defendants corporations or claimed as vested in them with an aggregate income of more than four million dollars yearly and wherein the said Kansas City Telephone Company as unified corporation of the other defendants controls, directs and receives pay for more than one million telephone calls of the contributors and customers of said defendants so consolidated each day.

"Complainants further allege that the due reasonable and proper value of said privileges constantly and continually for many years by day and night exercised over complainants' land by defendants to their great gain and profit and owing and unpaid by them to complainants amount at this time to ten thousand dollars as complainants believe and so charge."

It is alleged that defendants assert a claim of title or interest in plaintiffs' land; that defendants are committing acts of waste upon said land "by breaking down and destroying fencing, by digging holes in the soil causing and permitting the washing away of large portions of said lands and the valuable soil thereof and by cutting down trees thereon permitting thereby the emplacement of telephone poles and supports and wires over said lands."

The theory upon which plaintiffs appealed to the equity powers of the court below is evidenced by the following quotation from their petition:

"That all and singular the acts and omissions of said defendants severally and collectively constitute a deprivation and impairment both of the property and personal rights of the complainants secured to them as citizens under the Constitution of the United States forbidding the deprivation of any person of life, liberty or property without due process of law, or the taking of private property for public use without just compensation, or the depriving of any person within the jurisdiction of a State of equal protection of the laws, all as defined by the courts of the land, and constitute an abuse of the corporate and statutory privileges granted by the State of Missouri to telephone and telegraph corporations as utilities created for public use and benefit.

"Complainants further show to the court here that they are without adequate legal remedy in the following particulars among others (1) that they are barred by law from suing defendants in ejectment or kindred possessory action on the law side of the court (2) that complainants are barred by law from suing defendants in actions sounding in tort under the facts stated (3) that owing to the intermingling of the corporate and business affairs of defendants their combinations and consolidations throughout the several years wherein the liabilities here set forth and obligations to pay have been accruing and still accrue together with the complexity of their several rights, obligations and apportionment of their joint earnings, a Court of Equity is the only proper and adequate tribunal to adjudicate upon and determine the rights and obligations of the parties herein toward each other as well as toward complainants (4) that complainants by statute are forbidden to treat the acts and entries set forth herein upon their property as unlawful appropriation or occupation thereof and are themselves prohibited from destroying or removing the chattels and telephone equipments of defendants from complainants' said property which acts or removal might be done by an individual citizen."

The prayer of the petition was as follows:

"Wherefore, the premises considered complainants do respectfully pray the court here (1) to order and decree an accounting by and

under the direction of the court of the sums of money justly owing to complainants by reason of the defendants' acts, agreements and acquiescence and user over and upon the real property of complainants described herein and to enter judgment and decree of the court for due recovery of the same by complainants of such sums and apportionment as required in equity from said defendants (2) to ascertain and adjudge the pecuniary debt and extent of the indebtedness accruing to complainants from defendants from acts of waste committed by defendants their agents or servants upon the lands and property of complainants in connection with the corporate user by defendants jointly and severally of such lands (3) that the court do adjudge and decree that defendants both jointly and severally and all persons claiming under them or in their behalf or in behalf of any of them shall forthwith abandon and surrender all uses of complainants' said lands, to complainants and be and stand enjoined and forbidden from entering thereon thereafter other than by due order of the court, or authority of complainants, and for such other and further relief herein as complainants may be entitled and for all costs of complainants in this behalf sustained and complainants will ever pray."

The defendant Kansas City Telephone Company demurred, first, because the petition failed to state a cause of action, and, second, because the petition showed upon its face that the matters therein set out were *res adjudicata*. Defendant Southwestern Bell Telephone Company demurred because the petition failed to state a cause of action.

This is the third action growing out of the same alleged trespass which plaintiffs have brought against defendants Home Telephone Company and Missouri & Kansas Telephone Company. In February, 1917, they filed suit against said defendants in the Circuit Court of Jackson County alleging an unauthorized entry upon their lands and the erection of a telephone line thereon without condemning the lands or compensating plaintiffs therefor. In the petition in that case, plaintiffs set out a notice to said telephone companies requiring them to remove their poles and wires from plaintiffs' premises and advising them that, upon failure to comply, plaintiffs would charge them as rental five dollars per month for each of the seven poles until removal thereof; and further advising that continuance of such occupancy would be regarded as an acceptance of the charge of five dollars per pole each month and as an agreement on the part of the telephone companies to pay said charge.

Treating the silence of the telephone companies as consent, plaintiffs claimed in the first suit that the sum of $1575 was due them from the telephone companies. Upon demurrer to their petition being sustained, plaintiffs stood upon their petition and declined to

plead over, suffered judgment and appealed to the Kansas City Court of Appeals. The judgment of the trial court was affirmed. [Young v. Home Telephone Company, 201 S. W. 635.]

The Kansas City Court of Appeals held that no facts were alleged tending to show the existence of the relation of landlord and tenant between plaintiffs and the defendant telephone companies, because no agreement to pay rent was alleged. It was ruled that an action for use and occupation would not lie upon the facts alleged in said petition.

Thereafter a second action was instituted by plaintiffs against the same defendants. So far as we can determine, the action was based upon the same theory as the first one. On demurrer the petition was again held to state no cause of action. On appeal the ruling of the trial court was affirmed. In the opinion of the Kansas City Court of Appeals (Young v. Home Telephone Company, 233 S. W. l. c. 88) it was said:

"In considering the ruling of the trial court in sustaining defendants' demurrers to the petition, we need but say that a similar suit was instituted by plaintiffs on August 26, 1918, against the defendants herein. The petition in the former case was not materially different from the one in the case at bar. In the former suit demurrer to the petition was sustained by the trial court, and the ruling was affirmed by this court. [Young v. Home Telephone Co., 201 S. W. 635.] The questions involved in the present case are the same as those determined in that case."

The petition in this case is an unusual pleading. After alleging the entry upon their lands by the Home Company and the Missouri & Kansas Company and the great profit derived by said companies and their successors (respondents here) from the use of plaintiffs' land, the petition alleges in effect that plaintiffs' rights to sue at law for compensation and to recover possession in ejectment are barred by limitation. It is alleged that the Home and Missouri & Kansas companies "agreed with complainants and by their several acts and acquiescence promised as a matter of law full and adequate compensation to complainants," but it is evident from the pleading as a whole that plaintiffs are relying on an implied agreement to pay rent from the mere occupancy of their land. The pleader is manifestly counting upon the same sort of alleged agreement counted on in the first case, which the Kansas City Court of Appeals held did not amount to an agreement to pay rent. [Young v. Telephone Co., 201 S. W. 635.] As there, the petition here fails to plead an enforcible agreement on the part of the Home Telephone Company and the Missouri & Kansas Telephone Company to pay any sort of compensation to plaintiffs. This was ruled in the first appeal and the correctness of that ruling is well supported by the authorities there cited.

The entry upon and the taking of plaintiffs' land were alleged to have occurred in the year 1908, or fourteen years before the present suit was filed. Actions at law for damages and in ejectment were clearly barred by limitation long before this suit was instituted. Whether the five-year statute or the ten-year Statute of Limitations governs, it is not necessary to determine. [Secs. 1305, 1316 and 1317, R. S. 1919.] But even if the demurrer did not raise such questions, the respondents have the right to a trial before a jury and relief cannot be had by plaintiffs for such entry and ensuing damages in a proceeding in equity. Hence, the petition states no cause of action in equity. The same thing is true as to the claim for damages for waste. Such damages as are here claimed may not be recovered in an action in equity. [Somerville v. Hellman, 210 Mo. 1. c. 574, 111 S. W. 35; Benton County v. Morgan, 163 Mo. 1. c. 678, 64 S. W. 119, and cases there cited.]

Nor does the fact that an action at law is barred by the Statute of Limitations justify a court of equity in undertaking to grant relief, where equitable jurisdiction could not otherwise be invoked. [Hoester v. Sammelmann, 101 Mo. 1. c. 623, 14 S. W. 728; Washington Savings Bank v. Butchers & Drovers' Bank, 107 Mo. 1. c. 144, 17 S. W. 644.]

The petition is based upon the theory of an implied agreement by the telephone companies to compensate plaintiffs with the resulting right in plaintiffs to have an accounting. But, as the petition fails to allege any enforcible agreement to pay rent or otherwise to make compensation, plaintiffs do not allege facts showing themselves entitled to an accounting.

We are unable to find that any cause of action in equity is alleged in the petition. The trial court properly sustained the demurrers. Its judgment dismissing the petition is affirmed. All concur.