[Civ. No. 7671. Second Appellate District, Division One.—July 8, 1933.]

CHARLES O. LINDBERG et al., Respondents, v. GEORGE LINDER et al., Appellants.

214

Max Lewis for Appellants.

Albert & Brown and Leon B. Brown for Respondents.

DESMOND, J., *pro tem.*—Plaintiffs were awarded judgment in the sum of $500 by reason of defendants storing lumber, machinery and rubbish upon a lot which plaintiffs owned in San Pedro. Defendants appeal, specifying as error the trial court's refusal to grant a motion for a nonsuit and also its refusal to grant a new trial. The case comes before us on a bill of exceptions from which it appears that defendants early in 1923 began to use the real property of the plaintiffs, a lot 150 feet by 74 feet on Seventh

Street, one of the principal thoroughfares of San Pedro, for the purpose of placing a variety of materials upon it. This lot was in close proximity to another lot used, with the permission of its owner, by the defendants for the same purpose. The two lots were separated by a street which was not improved, and so was not apparent. One of the witnesses produced by plaintiffs testified that he had bought a load of lumber from the defendants, and that it was delivered to him from the plaintiffs' lot where a carload of it was stored. There was a denial by the defendants that they had used the plaintiffs' lot without permission, it being contended that such use as was made of the lot was with the consent and knowledge of the plaintiffs, before this suit was started in 1929. There was testimony, however, that plaintiffs had requested defendants, one or the other, occasionally to clear the land. It may be noted also that at one point Mrs. Linder, one of the defendants, testified that she had at no time received permission to use plaintiffs' land. A witness for plaintiffs testified also that Mrs. Linder admitted to him that plaintiff C. O. Lindberg had requested her several times to remove the materials from his lot.

A realtor called as witness by defendants, testified that plaintiffs' property was zoned for residential purposes and that it had no value for industrial purposes. He did not testify as to the fair rental value of the land, if any, for residential purposes, but did say that a lot across the street from plaintiffs' property 50 feet by 125 feet on Seventh Street which is in an industrial zone, had a rental value of $120 per year. It will be noted that while plaintiffs' property is only 74 feet deep it has a frontage on Seventh Street three times as long as the other lot just mentioned. A realtor produced by plaintiffs testified that the reasonable rental value of the Lindberg lot from 1923 to 1929 was from $25 to $30 per month. There was conflicting testimony as to what portion of plaintiffs' lot was used by defendants, one of plaintiffs' witnesses describing it as an area 100 feet square, Mrs. Linder, on the other hand, stating that only the extreme end of the lot was used. George Lindberg, one of the plaintiffs, testified that they had been deprived of the use of their lot by the use which defendants made of it.

Defendants' motion for nonsuit rested upon the following grounds: First, laches; second, failure of the evidence to

prove a *prima facie* cause of trespass; third, no evidence to prove plaintiffs had been damaged; fourth, implied license established by the evidence; fifth, no damage could be shown to have resulted from the use for industrial purposes, the property being zoned for residences; sixth, no evidence showing what portion of the land was used, no testimony as to the reasonable rental value of 100 feet square.

■ Commenting on these contentions in order we note, as to the first, occasional requests for clearing the premises and admittedly friendly relations continuing between the parties until the plaintiffs finally took affirmative action to assert their rights. The defense of laches is available only where, in addition to a mere lapse of time, there appear circumstances from which the defendant or some other person may be prejudiced, or there must be such lapse of time that it may reasonably be supposed that such prejudice will occur if the remedy is allowed. (10 Cal. Jur., pp. 522, 524, and cases cited.) No such circumstances appear in this case.

■ As to the second contention, namely, that the evidence produced by plaintiffs was insufficient to prove a *prima facie* cause of action in trespass, we believe this position is untenable in view of the repeated objections made by the plaintiffs to the use of their land in a residential zone for the purpose of placing thereon steam-rollers, cement mixers, junk and other unsightly objects. Certainly in view of the testimony of the defendants themselves, as well as of several witnesses for the plaintiffs, this use was not permissive or *ex contractu* but tortious, and clearly constituted a continuing trespass upon the real estate of the plaintiffs. (See *Hathaway* v. *Ryan,* 35 Cal. 188.)

■ As to the third ground, that no evidence was introduced nor was any attempt made to prove that the plaintiffs had been in any way damaged by the defendants' use of the property it appears from the bill of exceptions that one of the plaintiffs testified that by reason of the use which defendants made of the premises he was deprived of the same, and for the purpose of deciding a motion for a nonsuit the court must assume that all the evidence in favor of the plaintiffs, if relevant is true. (9 Cal. Jur., p. 551.)

■ The fourth ground upon which the motion for a nonsuit was based, namely, that the evidence showed that

the defendants had an implied license to the use of plaintiffs' land, is not touched upon in appellants' brief. We shall dispose of it here by saying that in the case of express or implied license the assent of the licensor is essential (16 Cal. Jur. 278) and there is no assent indicated in the evidence reported in this bill of exceptions.

The fifth ground relied upon in the motion for a nonsuit was that the plaintiffs' lot is located in a residential district, and "therefore no damages could be shown to have been suffered by the plaintiffs by reason of the use and occupation of said land by the defendants". No argument is advanced to support this contention and we cannot think of any that would have that effect.

With the first contention in the sixth ground, namely, "that there was no evidence showing what portion of said land was wrongfully used by the defendants", we do not agree in view of the testimony reported in the bill of exceptions. As to the remaining contention, "that the testimony of plaintiffs' witnesses only went to the reasonable rental value of the entire lot and there was no testimony whatsoever as to what the reasonable rental of a one hundred foot square of said lot was", we refer again to the testimony that defendants' use of this lot deprived plaintiffs of the use of it and reproduce here the testimony of plaintiffs' witness Peterson as it appears in the bill of exceptions: "I have seen the plaintiffs' lot many times in the last few years, probably as often as once a week on the average, and at all times noticed more or less rubbish, materials and equipment on the same. Said materials and equipment often covered a large part of the lot." It may be that the trial court made its award for use of practically all of plaintiffs' lot or possibly for use of part only. From the foregoing we conclude that the trial court committed no error in denying the motion for nonsuit.

Appellants assume in their brief that judgment in this case was based upon an action for use and occupation and question the propriety of applying the reasonable rental rule of admeasuring damages set up in such an action by section 3334 of the Civil Code, which section also fixes the period for which recovery may be had at five years. The exact ground of the objection is not made clear but our attention is called to language of the bill of exceptions

reading as follows: ''Opening statement was made by counsel for plaintiff to the effect that this action is brought for the purpose of obtaining damages sustained by reason of the *trespass* upon the property of plaintiffs, as described in the complaint.'' (Italics ours.) Possibly appellants' position is that by subscribing to such statement respondents have precluded themselves from recovering a judgment in any amount because the statute of limitations bars an action for trespass after three years and the testimony in this case showed user extending over a period of more than six years. This position is not tenable, however, for if there were a trespass here it was a continuing trespass and in such case the statute does not begin to run from the date of original entry, but recovery may be had for a period of time not exceeding the statutory period immediately preceding filing of the action. (See comment on this subject in 25 Cyc. 1138, quoted in *Kafka* v. *Bozio,* 191 Cal. 746, 751, 752 [218 Pac. 753, 29 A. L. R. 833].)

If the opening statement above quoted bound the respondents to a cause based on trespass then we must consider the evidence as applicable to a period of three years prior to the date upon which suit was filed, August 15, 1929. Testimony was to the effect that appellants used plaintiffs' lot until July 1, 1929. Recovery then might be had for actual use over a period of 2 years 10½ months. Evidence as to reasonable rental value of this lot and of the lot across the street ran from $10 to $30 per month and there was testimony that plaintiffs had demanded $15 per month for the use of their lot.

If the learned trial judge adopted the last-mentioned figure as a proper measure of value his finding of $500 as damages can give no just cause of complaint on an arithmetical basis, at least so far as appellants are concerned. That a reasonable rental value affords a proper measure of damages in a case of trespass appears in Salmond on Torts, seventh edition, 1928, page 246: ''When a trespass consists in some beneficial use wrongfully made of the plaintiff's land even if it causes no damage, the plaintiff is entitled to claim by way of damages a reasonable remuneration for the use as if it had been under agreement. . . . The same principle applies to the unlawful use of a way over another's land; even though no harm has been done

to the land, a reasonable rent for such a way may be recovered as damages." (See, also, *Tome Institute* v. *Crothers*, 87 Md. 569 [40 Atl. 261, 267], and 38 Cyc. 1129.)

Since in a civil action no appeal lies from an order by which a motion for a new trial is denied, the purported appeal from such order made in this case is dismissed. Having reviewed all the evidence reported in this bill of exceptions, we see no reason to disturb the findings of the trial court.

Judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.