**BALLWIN PLAZA CORPORATION, a Corporation, Plaintiff-Appellant,**

v.

**H. B. DEAL CONSTRUCTION CO., a Corporation, Defendant and Third-Party Plaintiff-Respondent,**

v.

**D. F. EDWARDS HEATING CO., a corporation, Third-Party Defendant-Respondent.**

No. 54059.

Supreme Court of Missouri,
Division No. 1.

Jan. 11, 1971.

Opinion Modified on Court's Own Motion
Feb. 8, 1971.

Motion for Rehearing or to Transfer to Court
En Banc Denied Feb. 8, 1971.

Fordyce, Mayne, Hartman, Renard & Stribling, P. Terence Crebs, St. Louis, for plaintiff-appellant.

Leo F. Laughren, St. Louis, for defendant and third party plaintiff-respondent.

Lewis, Rice, Tucker, Allen & Chubb, Robert S. Allen, Henry F. Luepke, Jr., St. Louis, for third party defendant-respondent.

ROBERT LEE CAMPBELL, Special Judge.

Plaintiff filed suit against defendant H. B. Deal Construction Co. (hereinafter referred to as defendant), who then filed a Third Party Petition against D. F. Edwards Heating Co. (hereinafter referred to as Edwards). Plaintiff did not amend its petition to seek judgment against Edwards. Defendant also filed a counterclaim against plaintiff for some moneys allegedly due under the contract. After a lengthy trial, the court entered judgment pursuant to a jury verdict in favor of defendant and against plaintiff, and against defendant on its counterclaim, and also found in favor of Edwards and against defendant on defendant's Third Party Petition. Plaintiff filed a timely motion for new trial, alleging innumerable errors therein. The motion for new trial was overruled, and this appeal followed. Defendant did not appeal from the judgment entered in favor of Edwards and against defendant on defendant's Third Party Petition against Edwards or from the judgment against it on its counterclaim.

█ We are first met with plaintiff's "Motion to Expunge Third Party Defendant's (Edward's) Statement, Brief and Argument From the Record", which we took as submitted at the time of argument of this case. Inasmuch as defendant did not file a motion for new trial or appeal from the judgment in favor of Edwards and against defendant, such judgment became final. Defendant has therefore preserved nothing for appellate review with respect to its Third Party Claim against Edwards. Edwards is thus not a party to this appeal, and plaintiff's Motion to Expunge is sustained. We consider only the briefs of plaintiff and defendant in reaching our decision.

Plaintiff was the owner of a tract of ground on Manchester Road in St. Louis County, Missouri. On September 14, 1959, plaintiff entered into a contract with defendant to erect a shopping center on plaintiff's real estate to be known as Ballwin Plaza Shopping Center. Defendant acted as general contractor in the construction of the Ballwin Plaza complex for plaintiff. The air-conditioning system therein was installed by Edwards. Difficulties ensued as a result of alleged inadequacies and failures of the heating and air-conditioning system to operate properly in the stores and offices located in Ballwin Plaza. As a result, plaintiff filed suit against defendant in two counts, one for breach of contract and another for breach of warranty contained within the building contract. Plaintiff abandoned Count II of its petition on breach of warranty and went to the jury on County I of its petition for breach of contract.

Despite the numerous trial errors alleged by plaintiff in its motion for new trial, only two issues are presented in plaintiff's brief and preserved for review. They pertain to whether or not the statute of limitations is applicable to the facts in this case and, if so, whether or not defendant's Instruction No. 5, submitting a factual issue to the jury with respect thereto, was properly worded. Inasmuch as we rule that the statute of limitations was not a bar to plaintiff's cause of action as a matter of law, an instruction submitting that issue to the jury should not have been given. It is therefore not necessary to consider further plaintiff's complaints pertaining to the phraseology of the instruction.

Plaintiff's cause of action was for breach of the contract entered into between the parties on September 14, 1959, and in particular for breach of the following provision of the contract:

"It is understood that the cooling and heating capacities will be the same as specified and all work will be installed to give proper results and distribution."

The contract of September 14, 1959, further provided that defendant "shall remedy any defects due thereto and pay for any damages to other work resulting there-

from, which shall appear within a period of one year from date of substantial completion." The specifications, incorporated in the contract by reference, also provided that the heating and air-conditioning subcontractor (Edwards) "shall guarantee all workmanship and materials furnished by him for a period of one year from the date of final acceptance of installation".

Instruction No. 5, given by the court at defendant's request, instructed the jury that the verdict must be for defendant whether or not the contract was breached if they believed that prior to September 9, 1961, defendant had completed all of the stores then requested to be done by plaintiff and that plaintiff and defendant had concluded the contract sued upon prior to said date. Plaintiff's suit was filed against defendant on September 9, 1966. Edwards completed installation of the heating and air-conditioning units by March 1961, and tenants were moving into the shopping center at approximately the same time as the completion of the air-conditioning work by Edwards. On May 26, 1961, defendant delivered to plaintiff all of the remaining keys to the stores in the shopping center which defendant had in its possession. At plaintiff's request, defendant sent plaintiff a final bill dated June 27, 1961. On August 10, 1961, plaintiff made payment to defendant on the final billing. Various miscellaneous items with respect to the billing and payment remained in dispute at that time, although the major portion of defendant's billings had been paid by plaintiff.

On September 28, 1961, Deal wrote a letter to plaintiff, as follows: "In accordance with the drawings and specifications for the work performed in connection with the construction with the Ballwin Plaza Shopping Center, located at Ballwin, St. Louis County, Missouri, we hereby guarantee to remedy any defects due to faulty materials or workmanship which may appear within a period of one (1) year from date of May 1, 1961".

■ The parties agree that the five-year statute of limitations set forth in § 516.120, RSMo., 1969, V.A.M.S., is the applicable limitations statute. This section does apply to a suit for breach of a written contract. Sam Kraus Company v. State Highway Commission, Mo., 416 S.W.2d 639. The time when a cause of action accrues for the purpose of the statute of limitations is governed by § 516.100, which provides, "the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained".

Suit was filed September 9, 1966. Plaintiff advances three separate dates as the earliest at which its cause of action accrued and the statute of limitations began to run, September 29, 1961, (the date of final payment by plaintiff to defendant); May 1, 1962, (the last date when defendant was obligated under the contract to correct defects appearing in workmanship and materials); or the Spring of 1963 (the time when defendant and Edwards refused to do anything further to correct any defects in the air-conditioning system).

■ It is abundantly clear from the language of the contract, the language of the specifications, and the letter from defendant to plaintiff guaranteeing to remedy any defects due to faulty materials or workmanship which may appear within one year from May 1, 1961, that plaintiff's cause of action did not accrue until May 1, 1962. Between May 1, 1961, and May 1, 1962, defendant was obligated to correct any defects which developed on the job, including any failure of the air-conditioning system to properly operate. Any breach of the contract would have occurred on May 1, 1962, if the air-conditioning system was not properly operating at such time, if it was the result of poor workmanship, and *if it had not been corrected by defendant by*

*such time.* Plaintiff should not have filed suit against defendant for damages from any such defects during such period of time without first giving defendant the opportunity to correct defects under the terms of the contract between the parties. See McAlpine Company v. Graham, Mo. App., 320 S.W.2d 951. It is thus clear that plaintiff's cause of action accrued on May 1, 1962. This Court, en banc, in the case of Chemical Workers Basic Union v. Arnold Sav. Bank, 411 S.W.2d 159, loc. cit. 165, quoted with approval the well-established rule set forth in Hunter v. Hunter, Mo., 237 S.W.2d 100, as follows: "a cause of action accrues, and limitations thereon begin to run, when the right to sue arises". See also Rippe v. Sutter, Mo., 292 S.W.2d 86. The question of tolling of the statute is not involved.

In addition to the legal issue pertaining to the statute of limitations, we must dispose of defendant's contention that plaintiff failed to make a submissible case. Defendant contends that the verdict of the jury for the defendant and the judgment of the court was for the right party and should be affirmed. Defendant argues that the evidence disclosed that changes were made in the air-conditioning equipment without defendant's knowledge, that such changes were incorrectly wired causing compressors to burn out, that there was a lack of maintenance of the air-conditioning equipment by plaintiff and that power failures and low voltage occurred, all of which were not the proximate result of any negligence on the part of defendant.

The transcript in this cause, consisting of over 1100 pages, has been carefully reviewed by this court. One of plaintiff's reply briefs summarizes the volume of evidence adduced by the parties by stating, "There was, to be sure, evidence in the record adduced by Deal and Edwards that part, in fact, but not all, of plaintiff's trouble in the heating and air-conditioning system was caused by lack of maintenance and power failures with result in low voltage, but the record is also replete with evidence both in the form of testimony and documentary exhibits, that the cause of the air-conditioning system's failure to produce proper results and distribution, was as a result of installation inadequacies".

The court is of the opinion that the record is replete with evidence from which the jury could reasonably have reached its result and found in favor of defendant, however, there is evidence in the record adduced by plaintiff with respect to installation inadequacies which could reasonably have been found to have resulted from defendant's breach of contract. Plaintiff's evidence, if believed by the jury, would have warranted a judgment in favor of plaintiff. A quotation from the argument portion of defendant's brief pertaining to the applicability of the statute of limitations further demonstrates the submissibility of plaintiff's case by stating:

"Plaintiff's evidence showed (its President testified) that in the late Spring and Summer of 1961, plaintiff communicated to the defendant complaints it received from tenants concerning the air conditioning (T. 199). Its evidence further showed the installations were never operative; plaintiff had nothing but complaints; it was self evident that the units had not been functioning properly (T. 337); the machines were not properly installed from the BEGINNING and have never run right (Pltff. Ex. 94, T. 790)."

This court must view the evidence in the light most favorable to plaintiff in determining whether or not plaintiff made a submissible jury case. We will not belabor this opinion by referring to each item of such evidence in the transcript.

The judgment is reversed and the cause is remanded for retrial on plaintiff's petition.

All of the Judges concur.