Leroy **DAVIS**, Appellant,

v.

**LACLEDE GAS COMPANY, Respondent.**

**No. 61011.**

Supreme Court of Missouri,
En Banc.

July 15, 1980.

Appellant's Motion to Amend Opinion or for Rehearing Denied Sept. 9, 1980.

Respondent's Motion for Rehearing Denied Sept. 9, 1980.

Eugene H. Buder, St. Louis, for appellant.

Paul B. Hunker, Jr., Morris E. Stokes, St. Louis, for respondent.

DONNELLY, Judge.

This case involves § 516.100, RSMo 1969.

For many years respondent supplied gas to appellant for the operation of his dry cleaning and pressing plant in Kinloch, Missouri. The gas was used primarily to fire a furnace for heating a boiler and generating steam for the presses.

*According to appellant's Third Amended Petition*: in the latter part of 1965, appellant and respondent agreed that a dangerous condition existed because the gas meter was located inside the plant. Appellant opted for moving the meter outside the plant. Instead, on November 18, 1965, respondent installed a vent pipe running from the inside meter to the exterior of the plant. The vent pipe so interfered with the supply of gas as to render appellant's presses inoperable. Appellant made numerous demands on respondent to move the meter outside the plant. Appellant had to take his pressing to be done elsewhere and lost profits from December 18, 1965 to July 13, 1970, when respondent moved the meter to the exterior of the plant.

In Count I of his petition, appellant alleges that in the latter part of 1965 it was orally agreed and contracted that respondent would correct the dangerous condition by moving the meter to the exterior of the plant, but breached the contract on or about December 18, 1965, by failing to move the meter and by instead installing a vent pipe. This count purports to sound in contract.

In Count II of his petition, appellant alleges that respondent installed the vent pipe and that the "installation was negligent, incompetent, and unworkmanlike in that defendant knew or should have known that it would materially interfere with the supply of gas to plaintiff's plant." This count purports to sound in tort.

The cause was instituted by the filing of a petition in the Circuit Court of St. Louis County, Missouri, on January 17, 1973. The cause was dismissed with prejudice by the trial court on the grounds that both Count I and Count II are barred by the five-year statute of limitation. § 516.120, RSMo 1969.

An appeal was taken to the Eastern District of the Missouri Court of Appeals where the judgment of the trial court was affirmed. The cause was then transferred to this Court, by order of this Court, and will be considered here "the same as on original appeal." Mo.Const., Art. V, § 10.

■ In an action on *contract*, "[o]rdinarily a plaintiff's cause of action accrues upon a defendant's failure to do the thing at the time and in the manner contracted, and a statute of limitation begins to run when a suit may be maintained therefor." *Baron v. Kurn*, 349 Mo. 1202, 1213, 164 S.W.2d 310, 316 (1942).

■ In an action in *tort, generally* speaking, "the rule is that a statute of limitation begins to run when the cause of action has accrued to the person asserting it, the accrual being whenever such a breach of duty has occurred, or such a wrong has been sustained, as will give a right then to bring and sustain a suit." *Allison v. Missouri Power & Light Co.*, 59 S.W.2d 771, 773 (Mo.App.1933).

Of determinative effect in this case is § 516.100, RSMo 1969, which reads as follows:

"Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained."

Appellant asserts that he pleaded "his injury as continuous from December 18, 1965 (when the vent pipe was installed) to July 13, 1970, when he got relief from defendant that he had been persistently demanding." He then reasons that under § 516.100, supra, "the cause of action, viewed either as breach of contract or tort, accrued on July 13, 1970, within five years of filing suit, because only then was the damage * * * *capable of ascertainment* * * *." (Emphasis ours).

We are cited to no case in point and have found none. We are attracted to the view articulated in *Developments in the Law—Statutes of Limitation*, 63 Harv.L.Rev. 1177, 1205 (1950) that Missouri's "capable of ascertainment" language represents a statutory recognition "that the 'cause of action' which commences the limitations period should not refer to the 'technical' breach of duty which determines whether the plaintiff has any legal right, but to the existence of a practical remedy." More importantly, the *Developments* article deals with "continuing or repeated wrongs" as follows (at 1205 and 1206):

"If some completed part of the defendant's conduct will cause all the harm which may result, so that continuance or repetition will not increase the plaintiff's damage, the statutory period properly commences immediately without regard to future conduct, for the certainty of harm is sufficient to allow recovery for all the damage and the first impact generally assures both knowledge of the conduct and incentive to sue. * * *.

"Where the potentiality of future harm is not clear, however, limitations should not run until damages become recoverably certain. Thus, the possibility that the defendant may remove the harmful condition or cease his wrongful conduct, or that injury may not result, may prevent the recovery of full prospective damages, so that the period limiting an action to recover for such damage does not begin prior to its maturation. Since the amount of future harm will vary with the extent of the later wrongful conduct, recovery is permitted only for that portion of the wrong—whether it be affirmative conduct or a failure to act—which has occurred within the statutory period immediately preceding suit. * * *."

■ We have concluded that the following rule of law should be applied *in the peculiar and particular circumstances* of this case: if the wrong done is of such a character that it may be said that all of the damages, past and future, are capable of ascertainment in a single action so that the entire damage accrues in the first instance, the statute of limitation begins to run from that time. If, on the other hand, the wrong may be said to continue from day to day, and to create a fresh injury from day to day, and the wrong is capable of being terminated, a right of action exists for the damages suffered within the statutory period immediately preceding suit.

We agree with appellant that the petition can be construed as attempting to plead a *continuing* breach of contract and a *continuing* tort. In these circumstances, appellant is entitled to attempt to allege and prove a cause of action for the period January 17, 1968 to January 17, 1973. Of course, his petition affirmatively demonstrates that he cannot recover for the period July 13, 1970 to January 17, 1973, because respondent's alleged wrongful conduct ceased July 13, 1970.

The judgment is reversed and the cause remanded.

MORGAN, J., concurs.

BARDGETT, C. J., concurs in separate concurring opinion filed.

SEILER and HIGGINS, JJ., concur and concur in separate concurring opinion of BARDGETT, C. J.

WELLIVER, J., dissents in separate dissenting opinion filed.

RENDLEN, J., dissents and concurs in separate dissenting opinion of WELLIVER, J.

BARDGETT, Chief Justice, concurring.

I concur in the principal opinion but desire to add the following reasons in support of the position which would allow plaintiff to sue for damages sustained within the five years immediately preceding the filing of the lawsuit.

The facts of this case are not particularly vexing nor do they present a significantly difficult question under the law if the relative positions of the parties are borne in mind and the unique position a public utility holds in our society is recognized. In fact, a very similar matter was presented in *Cacioppo v. Southwestern Bell Telephone Co.*, 550 S.W.2d 919 (Mo.App.1977), which will be referred to further later in this opinion.

Defendant Laclede Gas Company is a public utility and as such enjoys a monopoly in the sale and distribution of natural gas in St. Louis and St. Louis County. Citizens desiring to use gas in their businesses or homes must obtain it from defendant as there are no other gas distributors from which it can be obtained. Of course, to use the gas it must be piped onto a consumer's premises, and to bill the customer the gas must be metered on the consumer's premises. This is done by the use of pipes, meters, and equipment of Laclede Gas Company located on the consumer's property. The consumer is not entitled to move or tamper with Laclede's pipes or meters. Laclede is obligated to serve the customers in its franchise territory and is not a trespasser simply because it occupies a part of a consumer's premises with its equipment while de-livering gas to the customer. Even though Laclede and the customer may be involved in a dispute, the customer still cannot move or tamper with Laclede's meters or pipes.

Count I alleges the parties entered into an oral contract in late 1965 whereby Laclede agreed to move its gas meter to the exterior of plaintiff's dry cleaning and processing plant to correct a dangerous condition arising from the lack of a vent pipe on the inside gas meter; that Laclede breached the contract on or about December 18, 1965, when it failed to move the meter but instead installed a vent pipe; that the vent pipe so interfered with the supply of gas that plaintiff did not receive sufficient gas to generate sufficient steam pressure to operate his equipment; that plaintiff repeatedly. demanded that Laclede remove the vent pipe and move the meter outside where it had been located originally. This move was eventually done but not until July 13, 1970. As a result of the insufficient gas due to the vent pipe on the inside meter, the plaintiff allegedly was deprived of sufficient gas to operate the pressing equipment on a daily working-day basis, forcing plaintiff to have that work done elsewhere which caused an accumulated loss of profits of $45,000 over those four and one-half years.

Alternatively, Count II, sounding in tort, alleged Laclede was "negligent" and "incompetent" for installing the vent pipe "which it knew or should have known . . would materially interfere with the supply of gas" rather than moving the meter.

In the case of *Cacioppo v. Southwestern Bell Tel. Co., supra*, plaintiff sued the telephone company alleging that for about fifteen years the phone company wrongfully and without just cause maintained a junction box for electrical equipment (telephone) in the basement of plaintiff's apartment building; that defendant's employees continuously entered the area of the box without permission and against plaintiff's will causing disturbance of plaintiff and her tenants and a loss of about $60 per month; that between 1954 and 1972, defendant lit-

tered the floor with wires, etc., all as a matter of trespass and necessitating repair and cleaning at plaintiff's expense of $6,240. Plaintiff alleged as a result of the trespass and nuisance her privacy was invaded and various damages were asserted. Defendant Bell Telephone asserted the action was barred by the five-year statute of limitations, § 516.120, RSMo 1969, and asserted the same defense as Laclede asserts in the instant case.

In *Cacioppo* the plaintiff continually protested the workmen's interruptions by calling the company and asking the junction box be removed. In the instant case plaintiff alleged he repeatedly demanded Laclede to remove the vent pipe and move the meter outside, but Laclede failed to do so.

The jury verdict and judgment in *Cacioppo* was for plaintiff and included damages for the entire period of fifteen years. Bell Telephone appealed and the judgment was reversed and remanded for a new trial with directions to limit damages to the five-year period immediately preceding the filing of the suit on May 2, 1972, to wit, May 2, 1967.

Although there may be some distinction between the instant case and *Cacioppo*, the issues are essentially the same and *Cacioppo* provides reasonable guidance for resolution of the issues presented here. For that reason a rather extensive quotation from *Cacioppo*, 550 S.W.2d 925–926, is set forth:

'█ Plaintiff chose to proceed on the theory of trespass for actual and punitive damages, and she was required by Section 516.120[4], supra, to bring her action (or actions) within five years of accrual, *Young v. Southwestern Bell Telephone Co.*, 318 Mo. 1214, 3 S.W.2d 381, 384[1] (1928); *Person v. City of Independence*, 114 S.W.2d 175 (Mo.App.1938). The statute of limitations began to run against plaintiff at such time as her suit could be maintained. *Baron v. Kurn*, 349 Mo. 1202, 164 S.W.2d 310, 316 (1942); *State ex rel. Sisters of St. Mary v. Campbell*, 511 S.W.2d 141, 148 (Mo.App.1974).

'█ 'A continuing trespass upon real property creates separate causes of action, which are barred only by the running of the statute against the successive trespasses, and not by the running of the statute from the time of the original trespass. So, also, if a trespass is followed by injury constituting a continuing nuisance, the damages for the original trespass must all be recovered in one action, but successive actions may be brought to recover damages for the continuation of the wrongful conditions, and in these the damages are estimated only to the date of the bringing of each suit, and the statute of limitations does not begin to run from the date of the original trespass.' 75 Am.Jur.2d Trespass § 65. 'In the case of a continuing trespass the statute does not begin to run from the date of the original entry, but recovery may be had for a period of time not exceeding the statutory period immediately preceding the institution of the action.' 87 C.J.S. Trespass § 71. Thus, 'in case of a continuous trespass for a series of years, the action is barred as to so much only of the wrong as was committed prior to the term of limitation.' *Graf v. City of St. Louis* (Memorandum Opinion), 8 Mo.App. 562 (1880). Accordingly, the court erred in permitting Mrs. Cacioppo to recover damages for any acts of trespass occurring prior to May 2, 1967, and the cause must be reversed for trial in which the issue of damages would be limited to damages sustained by plaintiff after May 2, 1967. See *Lindberg v. Linder*, 133 Cal. App. 213, 23 P.2d 842 (1933).

"*Farrar v. St. Louis-San Francisco Ry. Co.*, 361 Mo. 408, 235 S.W.2d 391 (1950) and *Urie v. Thompson*, 357 Mo. 738, 210 S.W.2d 98 (banc 1948), cited by respondent, are silicosis cases and do not support her theory that she had to wait to seek relief from defendant's near 20-year pattern of misconduct until the source of her troubles, defendant's junction box, was removed in order to have her damages ascertained. If such were the case, it would seem that if defendant never removed the junction box, plaintiff's cause of action would never accrue. See also *DePaul Hospital v. Southwestern Bell Tel.*, 539 S.W.2d 542 (Mo.App.1976),

where plaintiff could not institute suit for overcharge in a period 1953 to 1972 until after the Public Service Commission determined that plaintiff was entitled to a rate lower than that charged.

' Nor was defendant estopped to assert the bar of the statute of limitations. Statutes of limitations are favored in the law, and cannot be avoided unless the party seeking to do so brings himself within some exception. To constitute such an exception by way of an estoppel, proof asserted to support it must be absolute and unequivocal. *Neal v. Laclede Gas Co.*, 517 S.W.2d 716, 719[3], [6] (Mo. App.1974). There is no evidence that defendant agreed not to assert the statute of limitations in consideration of plaintiff's forebearance to sue upon which to found an estoppel against defendant, *Branner v. Klaber*, 330 Mo. 306, 49 S.W.2d 169, 178 (1932); or that defendant, by any act or in any way, prevented plaintiff from commencing her cause of action, *Rogers v. Brown*, 61 Mo. 187, 193 (1875); or that defendant induced plaintiff to refrain from instituting her suit before it was barred by the statute of limitations, *Martin v. Potashnick*, 358 Mo. 833, 217 S.W.2d 379, 382[7] (1949). The evidence shows only that she failed to sue until May 2, 1972."

In the instant case the petition does not plead trespass, as such. It seems clear that as long as plaintiff needed gas to operate his business he could not treat the presence of the meter and the vent pipe inside the building as a trespass as if he could remove them and mitigate or end the damages. Nor did anyone suggest the plaintiff in *Cacioppo* could have mitigated or eliminated damages by removing the junction box as one might remove a trespassing object on his premises in the ordinary course of events. One simply cannot remove a public utility's equipment from one's premises with impunity. This is especially obvious if the customer, as here, needs the product— gas—and cannot secure it from any other source.

The rationale of *Cacioppo* is therefore particularly appropriate to the resolution of the statute of limitations issue in the instant case.

It is true, of course, that a cause of action accrued when the alleged oral contract or alleged tort was breached or initiated. Nevertheless, the breach or negligent conduct continued over a substantial period; the damages occurred on a day-by-day basis, and each day was a *new damage occurrence*. This is not a situation where the impetus for damage (assault, collision, etc.) occurred only once and from that occurrence all damages flowed. Here all damages did not accrue from the initial breach or tort, but rather subsequent damages arose on a business day-to-day basis and, allegedly, at any time the vent was removed or the meter was moved, the repetitive, but new, day-to-day damages would cease. In this situation, it is reasonable that defendant ought not be liable for damages occurring more than the statute-of-limitations period prior to the filing of suit, as in *Cacioppo*. On the other hand, the defendant ought not be able to avoid the damages that occurred on the business day of January 16, 1973, the day prior to filing suit, simply because the plaintiff cannot recover for the damages on the business day of December 18, 1965, the day defendant allegedly failed to remove the vent or move the meter to an outside location at the first request.

I do not regard this opinion as significantly different from the principal opinion of Donnelly, J., and I file it in order to make clear that in a remarkably similar case in Missouri a reasonable solution was reached which accorded fairness to both parties and which I regard as an available solution here that ought to be utilized.

WELLIVER, Judge, dissenting.

I respectfully dissent. It is my opinion that this case was improvidently transferred by this Court. So believing, I would now adopt the opinion of Dowd, P. J., concurred in by Snyder, J., and Stockard, Sp. J., filed in the Court of Appeals, Eastern

District, June 6, 1978, and file the same herein as my dissenting opinion.

Before setting forth the opinion of the court of appeals, I would make the following observations. One of the most extensive and most consistent lines of authority in Missouri law is that line of cases construing our statute of limitations applicable to tort and contract actions, § 516.100, RSMo 1978. Section 516.100, RSMo 1978, provides that a cause of action shall be deemed to have accrued for purposes of applying the limitations period "when the damage resulting therefrom is sustained and capable of ascertainment." This test for when a cause of action accrues was designed "to avoid the unjust results which may occur when the statute is held to run prior to the manifestation of harm," Developments in the Law—Statutes of Limitation, 63 Harv.L. Rev. 1077, 1206 (1950), and represents a "compromise between the plaintiff-favoring 'discovery' test and the defendant-favoring 'wrongful act' test." Davis, Tort Liability and the Statutes of Limitation, 33 Mo.L. Rev. 171, 188 (1968). Missouri courts have uniformly held that the statute of limitations begins to run when the legal injury is complete and the right to sue arises.[1]

Both the principal opinion and the concurring opinion represent a total abandon-ment of the judicial precedent construing and applying our statute. Both opinions would abandon the principle that civil actions "can only be commenced within" the limitations period, and would permit the filing of appellant's eight-year-old cause of action and the recovery of damages for the five years prior to the filing of the action. Both opinions ignore the fact that where the legal remedy is inadequate, *e. g.*, where the amount of damages is speculative, the injured party may seek equitable relief or a combination of legal and equitable relief. The concurring opinion, and *Cacioppo v. Southwestern Bell Telephone Co.*, 550 S.W.2d 919 (Mo.App.1977), upon which it relies, dwell on the impossibility of self-help in removing fixtures belonging to utilities and completely ignore the fact that the injured party might well have asked the court to order their removal.

With these comments regarding the opinions here written, I now set forth the opinion of the court of appeals as the appropriate statement of Missouri law applicable to this case.

"The sole issue presented on appeal is whether the cause of action pleaded against Laclede Gas Company is barred by the statute of limitations. Plaintiff-appellant Leroy Davis filed suit in St. Louis County

---

1. This Court has frequently held that the "capable of ascertainment" test of § 516.100 codified the doctrine that the period of limitations begins to run when the plaintiff's right to sue arises. *Jepson v. Stubbs*, 555 S.W.2d 307, 312 (Mo. banc 1977); *Ballwin Plaza Corp. v. H. B. Deal Construction Co.*, 462 S.W.2d 687, 690 (Mo.1971); *Chemical Workers Basic Union v. Arnold Savings Bank*, 411 S.W.2d 159, 163-65 (Mo. banc 1966); *Gruenewaelder v. Wintermann*, 360 S.W.2d 678, 690 (Mo.1962); *Rippe v. Sutter*, 292 S.W.2d 86, 90 (Mo.1956); *Hunter v. Hunter*, 361 Mo. 799, 804, 237 S.W.2d 100, 103 (1951); *Coleman v. Kansas City*, 353 Mo. 150, 163, 182 S.W.2d 74, 78 (banc 1944); *Baron v. Kurn*, 349 Mo. 1202, 164 S.W.2d 310, 316 (1942).

The decisions of our courts of appeal are in accord with the principle that the statute of limitations begins to run when the plaintiff's right to sue arises. *Janssen v. Guaranty Land Title Co.*, 571 S.W.2d 702, 705 (Mo.App.1978); *DePaul Hospital v. Southwestern Bell Telephone·Co.*, 539 S.W.2d 542, 547 (Mo.App.1976); *Neal v. Laclede Gas Co.*, 517 S.W.2d 716, 718

(Mo.App.1974); *McCandlish v. Estate of Timberlake*, 497 S.W.2d 191, 195 (Mo.App.1973); *Anderson v. Dyer*, 456 S.W.2d 808, 811 (Mo.App.1970); *State ex rel. Collector of Revenue of the City of St. Louis v. Robertson*, 417 S.W.2d 699, 700 (Mo.App.1967); *National Credit Associates, Inc. v. Tinker*, 401 S.W.2d 954, 956 (Mo.App.1966); *Kohout v. Adler*, 327 S.W.2d 492, 494-95 (Mo.App.1959); *Beckers-Behrens-Gist Lumber Co. v. Adams*, 311 S.W.2d 70, 74 (Mo.App.1958); *Crawford v. Metropolitan Life Ins. Co.*, 167 S.W.2d 915, 922 (Mo.App.1943); *Lewis v. Thompson*, 231 Mo. App. 321, 96 S.W.2d 938, 945 (1936); *Allison v. Missouri Power & Light Co.*, 59 S.W.2d 771, 773 (Mo.App.1933); *St. Louis County ex rel. Scott v. Marvin Planing Mill Co.*, 228 Mo.App. 1048, 58 S.W.2d 769, 771 (1933); *Beard v. Citizens' Bank of Memphis*, 37 S.W.2d 678, 679 (Mo.App.1931); *State ex rel. Fehrenbach v. Logan*, 195 Mo.App. 171, 190 S.W. 75, 76 (1916); *Boyd v. Buchanan*, 176 Mo.App. 56, 162 S.W. 1075, 1075 (1914); *Stark Bros. v. Gooding*, 175 Mo.App. 353, 162 S.W. 333, 333 (1914).

against defendant gas company on January 17, 1973.

The trial court sustained defendant's motion to dismiss plaintiff's petition with prejudice for failure to state a cause of action. In its order, the court pointed out that the action appeared to be barred by the statute of limitations. On appeal, plaintiff does not contend the trial court erred in sustaining defendant's motion to dismiss for failure to state a cause of action but contends solely that the court erred in holding that the action is barred by the statute of limitations. We disagree with this contention and affirm the judgment.

Plaintiff's third amended petition contained two counts, Count I for breach of contract and Count II for negligence. Count I alleged an oral contract made in the latter part of 1965 to move a gas meter to the exterior of plaintiff's dry cleaning and pressing plant to correct a dangerous condition arising from the lack of a vent pipe on the inside gas meter; that said contract was breached on or about December 18, 1965 when defendant failed to remove the meter but instead installed a vent pipe; that this vent pipe so interfered with the gas supply that most of the time plaintiff could not get enough steam pressure to operate his presses; that plaintiff made repeated demands on defendant to remove the vent pipe and move the meter to the exterior where it had originally been, which was finally done on July 13, 1970; and that as a result plaintiff had to take his pressing to be done elsewhere and lost profits for 4½ years and had been damaged to the extent of $45,000. Alternatively, Count II alleges negligence and incompetence by defendant in installing the vent pipe rather than moving the location of the meter.

Appellant claims that the trial court erred in finding his claim barred by the statute of limitations. He first alleges that the court "overlooked" that § 516.120, which fixes a five year limitation period for all actions upon contracts, obligations or liabilities, is modified by § 516.100.

We disagree. In order to determine when the five year statute of limitations set out in § 516.120 bars recovery, it is necessary to establish when the cause of action accrued. *Jepson v. Stubbs*, 555 S.W.2d 307, 311[4] (Mo. banc 1977). The standards establishing when a cause of action accrues are set out in § 516.100. This section states that a "cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained."

This statute does not change the general rule that the statute of limitations begins to run when the injury is complete as a legal injury at the time of the act. *Chemical Workers Basic Union v. Arnold Sav. Bank*, 411 S.W.2d 159, 164[5] (Mo. banc 1966). The cause of action accrues and period of limitations begins to run when the right to sue arises. *Chemical Workers Basic Union v. Arnold Sav. Bank*, supra, 411 S.W.2d at 165[6]; *DePaul Hospital v. Southwestern Bell Tel.*, 539 S.W.2d 542, 546[3] (Mo.App. 1976).

For a breach of contract suit, the cause of action generally accrues upon defendant's failure to do the thing contracted for at the time and in the manner contracted. *Baron v. Kurn*, 349 Mo. 1202, 164 S.W.2d 310, 316[2] (1942); *McCandlish v. Estate of Timberlake*, 497 S.W.2d 191, 195[3] (Mo.App. 1973). This is true provided the damage resulting from the breach is sustained and capable of ascertainment when the breach occurs. *Thorne v. Johnson*, 483 S.W.2d 658 (Mo.App.1972).

Thus, under the contract claim here, the cause of action accrued on or shortly after December 18, 1965, when defendant installed the vent pipe and plaintiff was capable of ascertaining that his steam presses were no longer operating properly. Likewise, under the tort claim, the cause of action also accrued on or shortly after December 18, 1965, when the injury was apparent and the loss that would be inflicted could be ascertained with reasonable accuracy. *Per-*

*son v. City of Independence,* 114 S.W.2d 175, 179[5] (Mo.App.1938); *Lewis v. City of Potosi,* 317 S.W.2d 623, 628[1] (Mo.App. 1958). Plaintiff's own petition alleged that his damages commenced on December 18, 1965. In accordance with § 516.100, plaintiff was required to file suit on or shortly after December 18, 1970, to be within the five year statute of limitations set out in § 516.120. His suit was not filed until January 17, 1973, over two years too late.

Appellant claims that his cause of action did not accrue until July 13, 1970, when respondent finally removed the vent pipe and placed it outside plaintiff's dry cleaning plant in response to plaintiff's demands. He claims this is true because only then did the last item of damage occur and only then were the total damages suffered capable of ascertainment.

Obviously this argument is untenable. If such were the case, if defendant had *never* removed the vent pipe, plaintiff's cause of action would *never* accrue. See *Cacioppo v. Southwestern Bell Tel. Co.,* 550 S.W.2d 919, 925[9] (Mo.App.1977). Simply because damages extend to future losses does not mean a suit cannot be presently maintained. MAI No. 4.01 permits a jury instruction on future damages. Accordingly, as soon as substantial injury was inflicted, plaintiff could have sued for all his past and projected future damages. *Person v. City of Independence, supra,* 114 S.W.2d at 179[6].

Appellant also claims the court should have at least let him "reach back to January 16, 1968, five years before suit was filed, so as to permit recovery for part of the tort complained of." He here uses a theory of "continuous tort." This was not a continuous tort. Rather, the tortious act was completed as a legal injury at the time of the allegedly negligent act. See *Rippe v. Sutter,* 292 S.W.2d 86, 90[11] (Mo.1956). Furthermore, "[w]here a tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the ground of a continuing wrong. Where the case is such that all damages, both past and future, can be presently estimated and recovered in one action, successive actions cannot be brought for recurring or continuing damages, and the statute runs from the time the original cause of action accrues." 54 C.J.S. *Limitations of Actions,* § 169, at 127–28. Appellant's point is without merit.

A statute of limitations serves public policy by safeguarding against fraud and oppression and compelling settlement of claims within a reasonable period after their origin, while evidence remains fresh in witnesses' memories. *Baron v. Kurn, supra,* 164 S.W.2d at 317[5]. Such a statute requires persons to seasonably file and vigilantly prosecute claims for relief or find their claims proscribed. *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d 141, 148[7] (Mo.App.1974). Appellant failed to file his claim within the limitations period and is not entitled to relief."

I agree with the court of appeals that the alleged cause of action is time-barred and the judgment should be affirmed.