**NEBRASKA HARDWARE MUTUAL IN- SURANCE COMPANY, a Corpora- tion, Appellant,**

v.

**Herbert BROWN, Administrator of the Es- tate of Lawrence W. Brown, Deceased, and Brown Manufacturing Company, Incorpo- rated, and Zenith Corporation, Respond- ents.**

No. 23513.

Kansas City Court of Appeals.

Missouri.

March 5, 1962.

Floyd L. Sperry, Jr., Clinton, for appellant.

Poague, Brock & Wall, Barkley Brock and Julius Wall, Vance Julian, Clinton, for respondents.

MAUGHMER, Commissioner.

This is an action based upon a subrogation claim for $2,015.09, by plaintiff Nebraska Hardware Mutual Insurance Company against Herbert Brown, Administrator of the estate of Lawrence W. Brown, deceased, Brown Manufacturing Company, Inc., and Zenith Corporation. Defendant Brown's motion to dismiss plaintiff's petition as to him was sustained on the ground that the claim was barred by Sections 473.- 360 and 473.367, V.A.M.S. of the Probate Code. Plaintiff has appealed. The sole issue presented is whether plaintiff's action is barred by these nine months limitations provisions of the Probate Code of 1955.

Lawrence W. Brown, a resident of Henry County, Missouri, died on April 4, 1960. It was stipulated that Letters of Administration on his estate were issued by the

Probate Court of Henry County to the defendant Herbert Brown on April 18, 1960; that the first publication of the Letters was on April 21, 1960; that this lawsuit was filed in the Circuit Court of Henry County on January 18, 1961; that the petition (or copy) in this lawsuit was filed in the probate court on January 18, 1961; that service (of the petition and summons) was had upon defendant Herbert Brown on January 30, 1961, and that January 21, 1961, was nine months after (the date) first publication of the notice of Letters of Administration.

Wilbur Schmidt, sheriff of Henry County, was called as a witness for plaintiff. He testified that on January 18, 1961, he received a copy of the petition and summons in this lawsuit for the defendant administrator. He said he looked for defendant, went to his house, made inquiries as to his whereabouts, but was unable to find him until January 30, 1961, when service was made.

The defendant Herbert Brown testified that he was in Henry County during January, 1961 until the 17th, when he went to New Orleans, and returned to Henry County on January 29, 1961.

Section 473.360, subds. 1, 2 provide:

"1. Except as provided in sections 473.367 and 473.370, all claims against the estate of a deceased person, other than costs and expenses of administration and claims of the United States and tax claims of the state of Missouri and subdivisions thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, which are not filed in the probate court within nine months after the first published notice of letters testamentary or of administration, are forever barred against the estate, the executor or administrator, the heirs, devisees and legatees of the decedent. * * *.

"2. Unless written notice of actions instituted or revived under sections 473.363 or 473.367 is filed in the probate court within nine months after the first published notice of letters, no recovery may be had in any such action on any judgment therein against the executor or administrator out of any assets being administered upon in the probate court or from any distributee or other person receiving such assets."

Section 473.367, V.A.M.S., as amended in 1959 (Laws of Mo.1959, S.B.Mo. 305 Supp., V.A.M.S.) reads:

"Any action commenced against an executor or administrator, after death of the decedent, is considered a claim duly filed against the estate from the time of serving the original process on the executor or administrator, and the filing of a written notice in the probate court of the institution of such action".

On appeal plaintiff presents two and only two assignments of error. He says first it is a cardinal rule of statutory construction that a legislative act must be construed according to the purpose of the enactment, that the purpose of the code was to shorten the time for administration, facilitate payment of claims and distribution, and that the procedure followed by plaintiff here is within such statutory provisions. His second assignment is that—"The trial court erred in refusing to construe (these sections) so as to narrow the general language to confine the application of said statutes to factual situations where their enforcement will promote the purposes of such enactments by increasing the assets or expediting the payment of creditors or the distribution of assets." While these assignments are essentially simple conclusions, we shall, nevertheless, consider them.

Plaintiff does not contend that he has complied completely or precisely with the specific prerequisite statutory requirements, nor does he offer any excuse or justification therefor except that service was secured as promptly as possible after the suit was filed. Rather he asks that we interpret the statutes not as they are plainly written, but so

as to accomplish the "general purposes", even if by so doing we nullify a part of the actual provisions therein specifically spelled out. No ambiguities in the statutory language are pointed out nor do we find any. Under such circumstances the function of the courts is not to rewrite, modify or interpret the statute, but rather to apply it.

Appellant's brief contains numerous quotations taken from cases in various jurisdictions construing statutes. These include expressions that all laws should be given "a sensible construction", should avoid "injustice, oppression or absurdity", should "harmonize with reason", and that "the reasons of the law should prevail over its letter". We are not in disagreement with these general declarations, but none rule this case especially when we consider the purposes of these limitations statutes, restricted as they are, to claims against the estates of deceased persons.

Just less than two years ago our Supreme Court en banc in North v. Hawkinson, Executrix, 324 S.W.2d 733, 736, 740, 741, 745, reviewed these statutes and considered their application quite fully. The court declared the general purposes to be:

"Apparent purposes of the code are to provide a speedy method for administering a decedent's estate, to establish a time after which claims are forever barred against the estate, the executor or administrator, and the distributees, and to broaden the jurisdiction of probate courts to accomplish said purposes. A discussion of some features of the Code may be found at 23 Mo.L.R. 113".

In this North case plaintiff contended the suit was equitable, and that his suit, filed in the circuit court against the administrator, was sufficient. The opinion ruled otherwise and concluded:

"This is not an action for the recovery of specific personal property. His action is barred by his failure to comply with the nine months nonclaim provisions of section 473.360, ¶ 2 or sec-

tion 473.367 (quoted supra), relating to 'all actions' or 'any action,' respectively, instituted against an executor or administrator after the death of the decedent. This conclusion finds support in cases under the prior code. (citing cases) ".

The separate concurring opinion of Storckman, P. J., reached the same result with this final statement:

"The nonclaim statutes of the probate code apply to the present action and it is barred because it was not filed within the time and manner provided by the nonclaim statutes".

In Clarke, Gdn. v. Organ, Administratrix (one judge dissenting) 329 S.W.2d 670, the Supreme Court en banc held that failure to comply with nonclaim statutes in regard to filing of claims in the probate court, or filing in the probate court of notice of suit or a copy of process and return in an action instituted in the circuit court, barred the wrongful death action, even though such an action is generally governed by its own period of limitations.

In Smith v. Maynard, Administratrix, 339 S.W.2d 737, the Supreme Court again en banc but with three judges dissenting, applied these nonclaim statutes even though suit was filed in the circuit court against the administratrix within nine months and even though the administratrix had appeared therein, filed answer, taken a change of venue, and participated in the taking of depositions, ruling that, nevertheless, unless the "claim" had been timely filed in the probate court a motion to dismiss was properly sustained.

As heretofore pointed out, Section 473.-367 of the nonclaim statute of the probate code was amended in 1959. Prior to the 1959 amendment the statute declared that "any action * * * is considered a claim duly filed against the estate from the time of serving the original process on the executor or administrator and *the filing of a copy of the process and return of service thereof in the probate court*". (Italics add-

ed.) This statute, as amended in 1959, and hence applicable to our case reads:

"Any action commenced against an executor or administrator, * * * is considered a claim duly filed against the estate from the time of serving the original process on the executor or administrator, and *the filing of a written notice in the probate court of the institution of such action*". (Italics added.)

Under these provisions as originally drawn, plaintiff would not be in compliance because (1) Service of process was not within nine months after publication of the first notice of Letters and (2) a copy of the process and return of service thereof was not timely filed in the probate court. Under the 1959 amendment, even if the provision "and the filing of a written notice in the probate court of the institution of such action" were construed to have been met by filing a copy of the petition before service was had thereon, still plaintiff is not · in compliance because the administrator was not served within the required nine months.

In Clarke, Gdn. v. Organ, Admrx., supra, 329 S.W.2d p. 673, the court said:

"These sections are simply a continuation of the statutory method of liquidating claims in the circuit courts, but subject to specific limitations. Taking these statutes at their face value, they bar (or abate) all claims, whether filed in the probate court or instituted in the circuit court, unless the claim *or the required notice of suit or copies of the process and return are timely filed in the probate court*".

Under the Supreme Court rulings to which we have referred herein and under the provisions of the nonclaim statutes, the action of the trial court in sustaining defendant-administrator's motion to dismiss was correct.

The judgment is affirmed.

SPERRY, C., not participating.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.