Thomas A. VANDERBECK, Appellant,

v.

Marie A. WATKINS, Executrix of the Estate of Oliver W. Watkins, Deceased, Respondent.

No. 52269.

Supreme Court of Missouri,
En Banc.

Nov. 13, 1967.

Joseph S. Rosenthal, Marvin Q. Silver, St. Louis, for appellant.

Robert E. Keaney, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent.

SEILER, Judge.

This is an appeal by plaintiff from the action of the trial court in sustaining defendant executrix' motion for summary judgment on the ground service of process was not obtained on the executrix within nine months after the first published notice of letters, citing Sections 473.360 and 473.367, as amended by Laws 1959 (all statutory references are to V.A.M.S.). The sequence of events is as follows:

1. Plaintiff was injured October 12, 1959.

2. Defendant's decedent died December 31, 1961.

3. Defendant was appointed executrix January 10, 1962.

4. First publication of notice of letters was January 12, 1962.

5. Suit for $25,000 damages for personal injuries based on alleged negligence of employees of decedent was filed October 10, 1962.

6. Service of process was had on defendant executrix July 30, 1963.

7. It does not appear whether any notice was filed in probate court.

■ We reverse and remand. The trial court should not have sustained defendant's motion. The petition sought a money judgment against defendant executrix for personal injuries, loss of earnings and medical expense. The fact of no service of process on the executrix within nine months of the first published notice of letters and lack of notice filed in probate court did not bar plaintiff from being able to obtain a judgment against the executrix, although it did bar plaintiff from recovery on any judgment obtained out of any assets being administered upon or from any distributee or other person receiving such assets.

When the legislature *repealed* sections 473.360, 473.363 and 473.367, 1957 Cumulative Supplement to RSMo 1949, and *enacted in lieu thereof* three new sections, which became effective August 29, 1959, it was aware of Helliker v. Bram (Mo. Sup.) 277 S.W.2d 556, and North v. Hawkinson (Mo.Sup.) 324 S.W.2d 733, and that there was pending before the court litigation wherein it was being contended that under the new probate code the nonclaim provisions must be held to bar or abate tort actions pending against an administrator or executor in circuit court and that such actions were subject to dismissal on motion, unless notice had been filed within nine months after the first published notice of letters, as was subsequently held to be the case in Clarke v. Organ (Mo.Sup. banc) 329 S.W.2d 670.[1] See the discussion in Darrah v. Foster (Mo.Sup.) 355 S.W.2d 24,

31, and also the caveat published in *The Flag*, by Henry Andrae, Journal of the Missouri Bar, February 1958 issue, page 41.

■ The clear implication of the wording of Section 473.360(2) of the 1959 enactment is that a judgment can be obtained against the executor or administrator even when no service of process is had on the executor or written notice is filed in probate court within nine months of first publication of letters, because it provides " * * * no recovery may be had in any such action *on any judgment therein against the executor or administrator * * *"* (emphasis supplied). There would be no reason to phrase the subsection in terms limiting the way by which recovery could be had on a judgment if no judgment could be obtained in the first place. The language shows the intention of the legislature was to permit a judgment but not to permit recovery on it out of assets being administered upon. It would have been useless labor for the legislature to have enacted the new sections if the net effect was to provide that no judgment could be obtained even though it were to be collected out of assets not administered upon, because this was already the effect of the prevailing court decisions, see Clarke v. Organ, supra.

There is a significant difference between the old and the new subsection 2 of Section 473.360. The old barred or abated "All actions against the estate of a deceased person", whether instituted or revived, unless notice was filed within nine months after the first publication. The new subsection contains no such bar or abatement and is not directed against "All actions", but rather against the recovery on judgments in actions out of assets being administered upon.

■ If despite the clear implication of Section 473.360(2) that a judgment can be obtained, we were to hold Section 473.360 (1) and Section 473.367 mean to the contrary, then there would be a conflict between subsections 1 and 2 of Section 473.-

---

1. The opinion in Division Two, later adopted by the court en banc, was handed down June 22, 1959.

360, which we do not believe was the intention of the legislature. The two are in harmony under the construction that a judgment can be obtained but cannot be collected out of assets being administered upon unless the provisions of Section 473.-367 (or in a revival situation, Section 473.-363) are complied with. This is also consistent with the fact that both Sections 473.-363 and 473.367, which deal exclusively with actions, refer to what has to be done for an action to be "considered a claim duly filed" against the estate. Subsection 1 of Section 473.360 is the one which bars claims "which are not filed". Subsection 2 of Section 473.360 says nothing about filing claims, and while stated in terms of "no recovery may be had", is premised on the assumption Sections 473.363 or 473.367 have not been followed. So we have subsection 1 of Section 473.360 which provides what must be done to establish a claim against the estate, and subsection 2 of Section 473.360 which provides what is not available for collection of a judgment obtained where the proper steps have not been taken to establish the action as a claim duly filed.

A suit of the type here involved can be commenced any time within the five-year statute of limitations. If the original executor or administrator is no longer in office, there are procedures available to obtain the appointment of a personal representative against whom suit can be filed, see Section 537.020 and discussion in dissenting opinion in Smith v. Maynard (Mo.Sup.) 339 S.W.2d 737, l. c. 743, and in concurring opinion, State ex rel. McCubbin v. Ginn (Mo.Sup. banc) 347 S.W.2d 119, l. c. 125.

Nebraska Hardware Mutual Ins. Co. v. Brown (Mo.App.) 355 S.W.2d 395, wherein an action was dismissed on the ground the administrator had not been served within the nine months' period after first publication of notice, should no longer be followed.

The judgment is reversed and the cause remanded.

All concur.