**William M. NICHOLLS, Plaintiff-Appellant,**

v.

**Edward J. LOWTHER, Administrator of the Estate of Edward G. Lowther, Deceased, and St. Louis Distributing Company, Inc., Defendants-Respondents.**

No. 34352.

Missouri Court of Appeals, St. Louis District, Division Two.

Jan. 30, 1973.

**4**

Thomas W. Challis, St. Louis, for plaintiff-appellant.

Melville A. Ochsner, St. Louis, for defendants-respondents.

SMITH, Presiding Judge.

This matter reaches us on appeal following the trial court's order sustaining the defendants' separate motions to dismiss.

Plaintiff is an attorney and seeks to recover for services rendered. His petition in Circuit Court was in a single count. It alleged that Edward J. Lowther was the duly appointed administrator of the estate of Edward G. Lowther. Edward G. was the principal stockholder, managing officer and president of St. Louis Distributing Company. Plaintiff dealt with Edward G. in his individual and corporate capacities, and rendered legal services to him. Plaintiff is uninformed, however, of whether his engagement to perform legal services was by Lowther personally or by Lowther in his capacity as agent for the corporation, or both. Within the period allowed under the "non-claim" statute (Section 473.360) [1] plaintiff filed a claim against Lowther's estate in the Probate Court. The Circuit Court suit was filed after the expiration of the "non-claim" period. Plaintiff seeks judgment for ten thousand dollars against the administrator, or against the corporation, or against both.

The motion to dismiss of the administrator was based upon eight grounds, several of them duplicatory. The administrator's brief in this court sets forth four bases in support of the trial court's action. They are: (1) There are two causes pending in different courts on the same subject matter; (2) the claim against the administrator is only cognizable in the Probate Court; (3) the petition is not verified by claimant and was not filed within the non-claim period; (4) the petition does not contain a verified statement that plaintiff

---

[1] All statutory references are to RSMo 1969 (V.A.M.S.).

has given the estate credit for payments and offsets.

The corporation's motion to dismiss also contained eight grounds, but the brief here posits only misjoinder in including the administrator and that two causes are pending in different courts.

■ As to point two of the administrator—it is clear that the Probate and Circuit Courts have concurrent jurisdiction. Section 473.370 specifically contemplates that claims may be established by judgment in a court of record and then filed in Probate Court. The points concerning verification are without merit as the statutory provisions requiring the verification[2] relate to claims presented to the Probate Court, not petitions filed in the Circuit Court.

■ We deal therefore with point 1 and that portion of 3 asserting the bar of the non-claim statute. As to point 1 the usual rule, as stated in Stark v. Moffit, Mo.App., 352 S.W.2d 165 [1] is: " . . . it is a well established rule that when a court of competent jurisdiction becomes possessed of a cause, its authority continues, subject only to the authority of a superior court, until the matter is finally and completely disposed of; and no court of concurrent jurisdiction may interfere with its action. . . . "

In that case we did recognize that an exception to that rule existed where the court in which the prior suit is pending has no jurisdiction to render the particular relief sought in the subsequent action. In *Stark* the Probate Court lacked the jurisdiction to grant equitable relief sought in both the claim in Probate Court and the petition in Circuit Court. The rule quoted is based upon comity and the need to prevent a multiplicity of suits.

■ Under the somewhat peculiar allegations of plaintiff's petition we believe this case fits within the rationale of the exception noted in Stark v. Moffit, *supra*. Plaintiff has alleged that he performed legal services of a total value of $10,000 at the request of Lowther. Because of Lowther's dual capacity, plaintiff is unable to determine how much, if any, of that work was for the corporation and how much, if any, for Lowther personally. He seeks essentially to have the Circuit Court determine against which of the defendants the various items making up his total of services should be charged. Such a determination can realistically be made only if both defendants are before the court for such determination. The Probate Court has no jurisdiction to make such a determination against the corporation. Only the Circuit Court can render an effective judgment against both defendants. True, the Circuit Court could proceed against the corporation alone and the Probate Court against the administrator alone but that would require two lawsuits, practical problems, and the potential of inconsistent decisions resulting in either double recovery or inadequate recovery for plaintiff. Under the circumstances we find the particular relief sought by plaintiff cannot be afforded in Probate Court and plaintiff's petition should not have been dismissed because a claim had been previously filed in Probate Court.

Plaintiff contends that the filing of the claim in Probate Court met the requirements of the non-claim statute. The administrator contends that where suit is brought in Circuit Court the claim is considered filed only when original process has been served on the administrator and a notice of the institution of the action filed in Probate Court. Section 473.367.

■ We do not need to resolve this novel problem in this case. Under Vanderbeck v. Watkins, Mo., 421 S.W.2d 274, failure to comply with the non-claim statute does not bar plaintiff from instituting his litigation in the Circuit Court nor from obtaining a judgment against the administra-

2. Section 473.380.

**6**

tor, although it may preclude plaintiff from any recovery on the judgment obtained out of assets being administered upon. The alleged bar of the non-claim statute may not then furnish the basis for dismissing plaintiff's petition.

The petition on its face alleges facts which if true state a cause of action in quantum meruit against each defendant. Supreme Court Rule 52.05 (V.A.M.R.) provides that: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given . . . against one or more defendants according to their respective liabilities."

■ Here the relief sought against the defendants is several and alternative. It arises from the employment of plaintiff by Lowther on one or more occasions and the work done by plaintiff as a result of such employment. This we believe meets the test of series of transactions. See Saeger v. Lakeland Development Co., Mo.App., 350 S.W.2d 820. There are certainly common issues of law and fact involved. The judgment to be given will be against the defendants according to their respective liabilities. The joinder under 52.05 was proper.

What we have heretofore said in relation to administrator's point 1 and our finding of proper joinder disposes of the points urged by the corporation in support of the court's ruling in its favor.

The order of the trial court dismissing the petition as to both defendants is reversed and the cause is remanded.

SIMEONE and KELLY, JJ., concur.