**Mitchell Dale DANE, a Minor, by and through his Next Friend, Gary Dane, Appellant,**

**v.**

**Hugo COZEAN, Administrator of the Estate of Richard M. Batten, Respondent.**

**No. 40969.**

Missouri Court of Appeals, Eastern District, Division Three.

June 26, 1979.

Philip T. Ayers, St. Ann, for appellant.

Ben Ely, Jr., Kortenhof & Ely, St. Louis, for respondent.

REINHARD, Presiding Judge.

Plaintiff appeals from an order of the court dismissing his petition for personal injury. Plaintiff, a minor, filed suit by his next friend seeking damages for injuries he sustained on February 1, 1969, when struck by an automobile driven by Richard Batten. The suit was filed against defendant, the administrator of Batten's estate, Batten having died several years after the accident in which plaintiff was injured.

Plaintiff's lawsuit was originally filed on February 1, 1974. A notice of the suit was filed in the probate court on the same day as per § 473.360 RSMo 1969. The suit was voluntarily dismissed on March 10, 1976, and subsequently refiled on March 10, 1977. Defendant moved to dismiss claiming that the suit was barred by § 516.230 RSMo 1969, and by § 473.360 RSMo 1969. The

trial court sustained the motion stating in its order that plaintiff's claim was barred by both statutes. We reverse.

◼ As his first point of error, plaintiff contends that § 516.230 does not apply to him and that § 516.170 is the applicable statutory provision. Section 516.230 provides in part, "[i]f any action shall have been commenced within the time respectively prescribed in § 516.010 to § 516.370 and the plaintiff therein suffer a nonsuit . . . such plaintiff may commence a new action from time to time within one year after such nonsuit suffered . . ." The purpose of § 516.230 is to extend the time for actions otherwise barred by the applicable statute of limitation. The statute operates "to extend, not to shorten the period of limitation." *Valley Farm Dairy Company, Inc. v. Horstmeier*, 420 S.W.2d 314, 316 (Mo.1967).

◼ As plaintiff is a minor (Dane is presently fourteen) the applicable statute of limitation governing his action is tolled by the provisions of § 516.170 RSMo 1969[1]. Section 516.230 then, has no relevance to this case, as the applicable statute of limitation to Dane's case has not yet expired.

The final question presented for review is whether the trial court correctly concluded that § 473.360 barred plaintiff's claim. Section 473.367 provides that "[a]ny action commenced against an executor or administrator, after death of the decedent, is considered a claim duly filed against the estate from the time of serving the original process on the executor and the filing of a written notice in the probate court. . . ." Subsection One of § 473.360 provides that "all claims against the estate of a deceased person . . . which are not filed in the probate court within six months after the first published notice of letters testamentary or of administration are forever barred against the estate, the executor or administrator . . . ." Subsection Two of § 473.360 provides that "[u]nless written

notice of actions instituted or revived § 473.368 or § 473.367 is filed in the probate court within six months after the first published notice of letters, no recovery may be had in any action on any judgment therein against the executor or administrator out of any assets being administered upon in the probate court. . . ."

Plaintiff argues that, in construing the six-month claim provision of § 473.360, we should consider such factors as the time limits allowed by the applicable statute of limitation, surprise or prejudice to the defendant, and actual notice of pending litigation to both the defendant and the probate court. Essentially, the gravamen of appellant's argument is that his contemporaneous notice filed with his first suit satisfies the notice requirement of §§ 473.360 and 473.367 for his second suit.

◼◼ We need not decide that question in this case. It was settled in both *Vanderbeck v. Watkins*, 421 S.W.2d 274 (Mo. banc 1967) and *Nicholls v. Lowther*, 491 S.W.2d 3, 6 (Mo.App.1973) that "failure to comply with the non-claim statute does not bar plaintiff from instituting his litigation in Circuit Court nor from obtaining a judgment against the administrator, although it may preclude plaintiff from any recovery on the judgment obtained out of assets being administered upon." Thus, while plaintiff may not have complied with the requirements of § 473.360, his failure to do so does not provide the basis for dismissing his lawsuit.

Accordingly, the judgment is reversed and the cause is remanded.

GUNN and CRIST, JJ., concur.

1. "If any person entitled to bring an action in Sections 516.100 to 516.370 specified, at the time the cause of action accrued be . . . within the age of twenty-one years, . . . such person shall be at liberty to bring such action within the respective times in Sections 516.100 to 516.370 limited after such disability is removed."