**Virginia P. ORPHANT,
Plaintiff-Respondent,**

v.

**Homer ORPHAN, Administrator, Estate
of Arist C. Orphant, Deceased, Defend-
ant-Appellant, and Tower Grove Bank
and Trust Company, Defendant.**

No. 43027.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 9, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 21, 1981.

Edward R. Joyce, St. Louis, for defendant-appellant.

Thomas A. Connelly, St. Louis, for plaintiff-respondent.

SNYDER, Judge.

Homer Orphan, administrator of the estate of Arist C. Orphant, appeals from summary judgment against him and in favor of Virginia P. Orphant. Three parties were involved in the action below.

Tower Grove Bank was the holder of a promissory note signed by Arist C. Orphant and Virginia P. Orphant. After Arist Orphant's death, Tower Grove Bank and Trust Company (Tower Grove) sued to collect the note from Virginia Orphant in a separate magistrate court action.

Virginia Orphant then brought this action in circuit court, relying upon the written promise of Arist Orphant to indemnify her. The promise was made in the property settlement agreement incident to their divorce.

Tower Grove Bank, named as defendant in Virginia Orphant's suit for indemnity, counterclaimed against her for the amount of the note and moved for summary judgment on the counterclaim. Virginia Orphant filed objections to that motion and moved for summary judgment against the estate which filed no objections. Both Tower Grove's and Virginia Orphant's

motions for summary judgment were granted by the trial court May 16, 1980.

The administrator appeals, alleging that the trial court erred in not finding Virginia Orphant's claim barred by § 473.360.1,[1] RSMo 1978[2] because she did not file the claim within six months after the first published notice of letters of administration. Appellant also alleges that the trial court erroneously determined that the indemnity agreement was a contingent claim based on a warranty made in connection with the sale of real estate within the meaning of the exception to the six month limitation in § 473.360.1.

No appeal was taken from the judgment in favor of Tower Grove Bank against Virginia Orphant and it is final. But because Virginia Orphant was not shown by unassailable proof to be entitled to judgment as a matter of law and there were unresolved issues of fact, the summary judgment in favor of Virginia Orphant and against the estate is reversed.

In 1973, during their marriage, respondent Virginia Orphant and decedent Arist Orphant, executed a note to Tower Grove Bank for a home improvement loan in the amount of $6,237.00. When the parties' marriage was dissolved in 1976, Virginia Orphant released her claim to all real property held by the parties, except one parcel, under an agreement which contained a clause indemnifying her from liability for obligations against property awarded to Arist Orphant.[3] Arist Orphant was killed in an automobile accident in December 1976. Tower Grove Bank did not timely file against his estate for the amount of the note but proceeded against respondent for it in the Magistrate Court of the City of St. Louis, June 29, 1978.

Respondent then filed this action for indemnity in circuit court, naming the estate of Arist C. Orphant and Tower Grove Bank as defendants. Tower Grove Bank counterclaimed for the amount of the note and moved for summary judgment on the counterclaim. The estate moved to dismiss the action as barred by failure to file within six months of first publication of letters testamentary. § 473.360.1. That motion was initially granted, the trial judge holding: "A general indemnification agreement does not constitute a 'warranty' even though made in connection with the conveyance of real estate among other matters." But after a rehearing the trial judge denied the motion and granted summary judgment for respondent against the administrator for the amount of the loan, and summary judgment for Tower Grove Bank against respondent for the same amount.

Appellant first contends that the trial court erred in granting summary judgment in favor of Virginia Orphant against appellant, in his capacity as administrator, based on the indemnity clause because the action was not commenced within

---

1. Section 473.360.1:

   "Except as provided in sections 473.367 and 473.370, all claims against the estate of a deceased person, other than costs and expenses of administration and claims of the United States and tax claims of the state of Missouri and subdivisions thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, which are not filed in the probate division within six months after the first published notice of letters testamentary or of administration, are forever barred against the estate, the executor or administrator, the heirs, devisees and legatees of the decedent. No contingent claim based on any warranty made in connection with the conveyance of real estate is barred under this section."

2. All statutory references are to RSMo 1978 unless otherwise stated.

3. "9. The Respondent, Arist C. Orphant, agrees to indemnify and hold harmless the Petitioner, Virginia P. Orphant, from any loss or damages which she may incur by reason of any liability which she might have which might be occasioned by any obligations, incumbrences (sic) or mortgages on the property listed in Schedule B attached hereto and awarded to Respondent. This agreement to indemnify shall extend to and include any judgments which shall be rendered against the Petitioner on account of any such obligations, and any losses which she might incur or expenses to which she may be obligated by reason of the necessity of defending or settling any litigation in respect to such obligations."

   Schedule B listed the couple's jointly held real estate which Arist Orphant received under the agreement in consideration of $50,000. Virginia Orphant received one parcel of real estate.

six months after the first published notice of letters testamentary as appellant alleges is required by Missouri's nonclaim statute, § 473.360.

■ The purpose of the nonclaim statute is to terminate all claims and promote prompt settlement of estates, a matter of public interest. *In re Estate of Bierman*, 410 S.W.2d 342, 346[3] (Mo.App.1966). The statute enacted in 1955 (patterned in part after the Model Probate Code § 135) was considerably more far-reaching than former nonclaim statutes. *Clarke v. Organ*, 329 S.W.2d 670, 673[1] (Mo. banc 1959). It required notice of contingent as well as absolute claims, omitted the saving provision for infants, prisoners and persons of unsound mind, and defined a mandatory, nonwaivable procedure for the orderly processing of *all* claims against an estate.[4] *North v. Hawkinson*, 324 S.W.2d 733, 744–745[9, 10] (Mo.1959) (separate opinion of Storckman, P.J.); *Clarke v. Organ, supra.*

Effective August 29, 1959, a new nonclaim statute was enacted, as far-reaching as the prior §§ 473.360 et seq., but different in its approach to the limitation of claims filed out of time. It provides "no recovery may be had in any such action on any judgment therein against the executor or administrator...." § 473.360.2. This language "shows the intention of the legislature was to permit a judgment but not to permit recovery on it out of assets being administered upon." *Vanderbeck v. Watkins*, 421 S.W.2d 274, 275[2] (Mo. banc 1967).

■ Thus the nonclaim statute does not prevent respondent from getting a judgment, only from recovering from the assets of the estate based upon it. *Vanderbeck v. Watkins, supra ; Dane v. Cozean*, 584 S.W.2d 120, 122[4, 5] (Mo.App.1979); *Nicholls v. Lowther*, 491 S.W.2d 3, 5–6[5] (Mo.App.1973). Appellant's first point fails.

Appellant next argues that the trial court erroneously found respondent's claim to be based upon a warranty in connection with the conveyance of real estate, a finding which would have saved the claim under an express exception to the six month limitation. § 473.360.1. No such finding appears in the record but the record also fails to support the summary judgment in any other respect.

■ The trial judge specifically found that the indemnity agreement was not a warranty made in connection with the conveyance of real estate when he initially granted appellant's motion to dismiss. The subsequent denial of that motion after rehearing was not inconsistent with the finding that the indemnity agreement was not a warranty. Nor did the granting of summary judgment in favor of respondent invalidate the finding of no warranty because it is the availability of recovery from estate assets rather than availability of judgment that is affected by § 473.360.2.[5] *Dane v. Cozean, supra.*

The trial judge correctly ascertained that the indemnity was not a "warranty" within the meaning of § 473.360. The obvious purpose of the "warranty" exception is to prevent the nonclaim statute from cutting off the rights of grantees after the death of a grantor who warranted title or made other affirmative covenants at the time of the conveyance.

---

4. See *Clarke v. Organ*, 329 S.W.2d 670 (Mo. banc 1959) (wrongful death claim); *North v. Hawkinson*, 324 S.W.2d 733 (Mo. 1959) (adjudication of partnership accounts); *In re Estate of Bierman*, 410 S.W.2d 342 (Mo.App.1966) (suretyship agreement, promise of decedent to hold surety harmless). However, some actions are outside the requirements of the nonclaim statute because they do not involve "claims" against the estate within the meaning of § 473.-360. See *Strumberg v. Mercantile Trust Co.*, 367 S.W.2d 535, 538[3–5] (Mo. 1963) (action to enforce contract which required plaintiff to purchase decedent's share of partnership at book value); *Hayes v. Jayne*, 498 S.W.2d 829,

832[9] (Mo.App.1973) (action to determine whether property is properly within estate).

5. Section 473.360.2:
"Unless written notice of actions instituted or revived under section 473.363 or 473.367 is filed in the probate division within six months after the first published notice of letters, no recovery may be had in any such action on any judgment therein against the executor or administrator out of any assets being administered upon in the probate division or from any distributee or other person receiving the assets."

The cases cited by appellant do not support the assertion that this indemnity agreement is a warranty of title or other affirmative covenant relating to the land. The parties made no warranties in connection with the conveyance of their properties; they gave quit-claim deeds. No "warranty in connection with the conveyance of real estate" was given when respondent and Arist Orphant executed the dissolution property settlement which included the indemnity agreement. Consequently, recovery from the assets of the estate based upon any judgment obtained by respondent on the indemnity agreement is barred by § 473.360.

■ In addition, respondent made no showing, prior to being granted summary judgment, that the note in question was covered by the indemnity agreement relied upon. She averred by affidavit that the promissory note was a liability incurred by the parties and that the dissolution decree required Arist C. Orphant to indemnify and hold her harmless "against any liability which she might incur by reason of any liabilities incurred by the parties," a rather broad reading of the agreement. The agreement by its terms covers only "obligations, encumbrences (sic) or mortgages on the property listed on schedule B attached hereto and awarded to [Arist Orphant]." The note in question was not shown to be an obligation, encumbrance or mortgage on the Schedule B property awarded to Arist Orphant nor on any other real property.

Respondent argues that appellant's failure to file counter-affidavits as provided in Rule 74.04 requires the court to accept the factual allegations in respondent's affidavit, citing *E. O. Dorsch Electric Co. v. Plaza Construction Co.*, 413 S.W.2d 167 (Mo.1967). But that case does not require the court to accept the legal conclusions in respondent's affidavit or to award summary judgment where respondent was not shown by unassailable proof to be entitled thereto as a matter of law. Rule 74.04(h). *E. O. Dorsch Electric Co. v. Plaza Construction Co., supra* 169–170[3–5]. Summary judgment for respondent in this case was error.

Although respondent is barred by § 473.-360 from collecting the amount of any judgment from the assets of the estate she may, if she deems it worthwhile, seek a judgment at trial on remand. *Vanderbeck v. Watkins, supra.*

The summary judgment in favor of Virginia P. Orphant and against the administrator of the Estate of Arist C. Orphant is reversed and the cause remanded.

CRIST, P.J., and REINHARD, J., concur.