Eula Myrtle WHITE, Administratrix of the Estate of Delpha Barton, Deceased, Respondent,

and

C. H. Cozean, Administrator of the Estate of Arble Barton, Deceased, Appellant,

v.

Clinton B. ROBERTS, Respondent.

No. 44307.

Missouri Court of Appeals, Eastern District, Division Four.

July 13, 1982.

William G. Reeves, Farmington, for Cozean.

Clinton B. Roberts, Farmington, pro se.

David L. Mayhugh, Flat River, for Eula White.

SMITH, Presiding Judge.

Intervenor C. H. Cozean, administrator of the estate of Arble Barton, deceased, appeals from a judgment impressing a constructive trust on funds held in the trust account of a law firm which represented Arble Barton before his death. The trial court prepared findings of fact and conclusions of law which it entered as part of the judgment. In making its findings, the trial court did an excellent job of setting forth the relevant facts and not including many extraneous ones. We therefore include in their entirety the court's findings of fact and conclusions of law relevant to this appeal.

"1. Delpha Barton and Arble Barton were married on August 15, 1938. On May 4, 1973, a decree of divorce was entered terminating this marriage.

2. During the term of the marriage, the parties acquired several certificates of deposit. Those of concern to us were all titled in both names and are as follows:

Irondale Bank

| Certificate number | 2656 | $3000 |
|---|---|---|
| " " | 2886 | $1061 |

American State Bank

| Certificate number | 1943 | $1000 |
|---|---|---|
| " " | 1537 | $2000 |

3. On or about September 24, 1971, Arble Barton cashed all the above-mentioned certificates of deposit. Thereafter, $1500 was given to Delpha Barton, apparently representing her one-half interest in the proceeds from the two certificates of deposit of the American State Bank.

4. For some unexplained reason, the other $1500 of the proceeds were kept by the law firm of Roberts and Roberts, who were then representing Arble Barton in the divorce proceedings. That firm also, for some unknown reason, also kept the proceeds from the certificates of deposit of the Irondale Bank. Thus, proceeds totaling $5,561.00 were in the bank account of Roberts and Roberts.

5. The law firm of Roberts and Roberts does not make any claim to the $5,561.00.

6. Delpha Barton died June 24, 1975, while Arble Barton died December 27, 1975.

7. It is clear that Arble Barton never received his fifty percent (50%) of the proceeds of the certificates of American State Bank. Thus, the sum of $1500 is set aside to the Estate of Arble Barton.

8. The proceeds from the Irondale Bank were never divided. At the time that the divorce decree was entered, May 4, 1973, the then existing law in Missouri did not empower the court to divide property of the parties. Compare Section 452.070, 1969, RSMo. with 452.330, 1979, RSMo.

9. At the time that the proceeds from the certificates of deposit were obtained by Arble Barton, he held them in a constructive trust for himself and Delpha Barton. He, for some unknown reason, placed those proceeds with the law firm of Roberts and Roberts. Their holding of the proceeds did not change the character of those proceeds, as they were in a fiduciary relationship with Arble Barton.

10. The constructive trust which was created actually held proceeds owned by Delpha Barton and Arble Barton equally, as far as the funds received from the

Irondale Bank. Therefore, the Estate of Delpha Barton is entitled to the sum of $2,030.50 and the Estate of Arble Barton is entitled to $2,030.50."

Much of intervenor's brief is devoted to discussion of the nonclaim statute, Sec. 473.360, RSMo. 1978. It is intervenor's contention that Delpha's estate is seeking to recover an unsatisfied judgment for alimony contained in the 1973 decree and that such judgment was not properly and timely filed in the probate court pursuant to the non-claim statute and Sec. 473.370, RSMo. 1978. Plaintiff's petition, given a liberal reading, sets up two possible theories of recovery. One is that the money in the law firm's control be utilized to satisfy the alimony judgment. But the trial court entered its judgment on the other theory, that the certificates belonged equally to Delpha and Arble, and the proceeds from those certificates were in constructive trust for each of them. The money held in trust is not an asset of decedent Arble's estate until it is determined how much of it was his money. The non-claim statute does not prevent the bringing of suit, even against the administrator; it only prevents recovery of the judgment from the assets of the estate being administered upon. *Vanderbeck v. Watkins*, 421 S.W.2d 274 (Mo. banc 1967); *Nicholls v. Lowther*, 491 S.W.2d 3 (Mo.App.1973) [5]; *Dane v. Cozean*, 584 S.W.2d 120 (Mo.App.1979) [4, 5]. This litigation was commenced by Delpha's estate against the law firm controlling the funds. It sought recovery from those funds of money belonging to Delpha. The money belonging to Delpha is not an asset of Arble's estate. The non-claim statute is not applicable.

Intervenor also contends Delpha acquiesced in Arble's action in cashing the certificates. Such a contention finds no factual support. She probably was aware that $3,000 had been cashed for she received her share of that. But she was never advised that the remaining certificates had

been cashed, and in view of receipt of her share of the American State Bank certificates, could reasonably infer that the Irondale certificates had not been cashed. We find no acquiescence in something of which Delpha was unaware.

Intervenor's final contention is that the evidence was insufficient to establish a constructive trust because there was no evidence that the funds were wrongfully retained as to Delpha nor any evidence of confidential relationship between her and Arble.

Where a husband and wife become joint owners of personal property, a presumption arises that they hold the property as tenants by the entirety.[1] *Feltz v. Pavlik*, 257 S.W.2d 214 (Mo.App.1953) [3–5]. Prior to their divorce, when the certificates were actually redeemed, there existed a fiduciary relationship involving the highest trust and confidence because of the marital relationship. *Bitzenburg v. Bitzenburg*, 360 Mo. 70, 226 S.W.2d 1017 (1950) [3, 4]. Upon their divorce, Delpha and Arble became tenants in common of the funds from the certificates. Tenants in common occupy a confidential relationship towards each other. *Gilliam v. Gohn*, 303 S.W.2d 101 (Mo.1957) l. c. 105. Where a confidential relationship exists, no proof of fraud is necessary to establish a constructive trust. *McFarland v. Braddy*, 560 S.W.2d 259 (Mo.App.1977) [4]. *Schoenberg v. Schoenberg*, 615 S.W.2d 111 (Mo.App.1981) [1]. The evidence warranted a finding that both Arble and Delpha contributed the money on deposit reflected by the certificates. This gave Delpha a legal interest in the funds. Arble's action in redeeming the certificates was authorized under the contract with the banks involved. *In re Estate of LaGarce*, 487 S.W.2d 493 (Mo. banc 1972). While *LaGarce, supra*, casts doubt on the doctrines of tracing set forth in *Feltz v. Pavlik, supra*, particularly where the funds are transferred to a joint account with third parties, it does not impinge on well-established doc-

---

1. Intervenor argues that no joint or entireties ownership was involved because of the absence of survivorship language in the certificates.

The short answer to that is that every one of the certificates refers to "either or survivor" as the payee.

trines relating to the legal and equitable rights of the original joint tenants as between themselves. As stated in *Ray v. Ray*, 336 S.W.2d 731 (Mo.App.1960) [8]:

> "The fund withdrawn is still subject to the legal status of the estate, and it has stamped on it in the hands of the one who withdrew it all the elements of a trust." (Quoting from *Berhalter v. Berhalter*, 315 Pa. 225, 227, 173 A. 172, 173).

*See also, Nebbitt v. Nebbitt*, 589 S.W.2d 297 (Mo. banc 1979) [4–6]; *Calia v. Calia*, 624 S.W.2d 870 (Mo.App.1981) [5, 6]; *Gale v. Corbett*, 568 S.W.2d 72 (Mo.App.1977). Here the certificates of deposit reflected the contributions of both Arble and Delpha; the funds were withdrawn by the sole action of Arble; they were placed into the hands of a stakeholder who made no claim thereto. Establishing a constructive trust was an appropriate method to resolve the rights of the parties to the funds. *Feltz v. Pavlik, supra*, [6, 7].

Judgment affirmed.

SATZ and PUDLOWSKI, JJ., concur.