Angelo J. LATO and Anne J. Lato, Plaintiffs-Appellants,

v.

CONCORD HOMES, INC., d/b/a Fischer & Frichtel, Inc., and d/b/a Fischer & Frichtel Construction Company, Inc., Defendant-Respondent.

No. 46909.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 11, 1983.

Elmer V.A. Bayer, St. Louis, for plaintiffs-appellants.

Mark G. Zellmer, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for defendant-respondent.

GAERTNER, Judge.

On April 23, 1968 appellants entered into a contract with respondents for the purchase of a newly constructed home. Occupancy commenced on May 28, 1968. Appellants allege that within a few months thereafter, they began to sustain damage by reason of a stopped up lateral sanitary sewer line which was constructed with an inadequate pitch or degree of fall. They further allege that this condition continues to exist resulting in continuing intermittent damage and expense.

Appellants commenced this action on August 12, 1976. Their Second Amended Petition, filed April 23, 1982 is in four counts; Count I alleging breach of express warranty that the home was free of defects in material and workmanship; Count II alleging negligent design; Count III alleging breach of implied warranty of habitability; Count IV alleging violation of a "strict duty" not to harm plaintiffs' property or the peaceful enjoyment thereof. Respondent's motion for judgment on the pleadings, grounded upon the Statute of Limitations, was sustained. We affirm.

Appellants here contend the ten year Statute of Limitations, § 516.110, RSMo 1978 applies because their claim, as alleged in Counts I and III is an "action upon any writing . . . for the payment of money or property." Their interpretation of the statutory language is mistaken. Section 516.110, RSMo 1978 applies only in instances in which an express written obligation provides for the payment of money or the delivery of property and that the money or property sued for is that money or property promised by the language of the writing. *Silton v. Kansas City,* 446 S.W.2d 129, 132 (Mo.1969); *Sam Kraus Co. v. State Highway Commission,* 416 S.W.2d 639, 641 (Mo.1967). Here, the object of the suit is to obtain compensatory damages. It is not an action to enforce compliance with the terms of the contract, but one based upon an alleged breach of incidental or implied terms of the contract. As such, it is governed by § 516.120, RSMo 1978, the five year Statute of Limitations. *Ruhling v. Robert Dawes Construction Co.,* 610 S.W.2d 403, 405 (Mo.App.1980); *Neal v. Laclede Gas Co.,* 517 S.W.2d 716, 718 (Mo.App.1974). It is not disputed that the five year statute is applicable to the tort claims asserted in Counts II and IV.

Appellants contend, however, in order to avoid the effect of the Statute, that their cause of action did not accrue until 1978, when they first discovered the cause of the problem to be the inadequacy of the pitch or degree of fall in the lateral sewer line. Discovery, as a trigger for the commencement of a period of limitations, has

been rejected in Missouri, except for the specific instances wherein the legislature has so designated.[1] *Jepson v. Stubbs,* 555 S.W.2d 307, 312–13 (Mo. banc 1977).

Rather, Missouri adopts the "capable of ascertainment" test for determining when the period of limitations begins to run. § 516.100, RSMo 1978; *Dixon v. Shafton,* 649 S.W.2d 435, 438 (Mo. banc 1983). Nor does the allegation that plaintiffs' damages are continuing afford plaintiffs any relief from the strictures of the statute. Missouri courts have uniformally held that the Statute of Limitations begins to run when the plaintiffs right to sue arises. *Jepson v. Stubbs, supra* at 312; *Ballwin Plaza Corp. v. H.B. Deal Const. Co.,* 462 S.W.2d 687, 690 (Mo.1971); *Neal v. Laclede Gas Co.,* 517 S.W.2d 716, 718 (Mo.App.1974). "Capable of ascertainment" refers to the fact of damage, rather than the precise amount. *Dixon v. Shafton, supra* at 438.

Plaintiff's reliance on *Davis v. Laclede Gas Co.,* 603 S.W.2d 554 (Mo. banc 1980) is misplaced. There it was held that the defendant's continuing to supply natural gas delivered through a defective gas meter was a continuing tort permitting recovery for damages sustained during the five years immediately preceding the commencement of the action. But here, there was but a single wrongful act—the delivery of the property with a defective sewer line. As opposed to *Davis* the defendants here committed no continuing torts. This case does not present the "peculiar and particular circumstances" wherein "the wrong may be said to continue from day to day, and to create a fresh injury from day to day...." *Davis* at 556. Here plaintiffs do not plead continuous or repeated wrongful acts, merely continuing and repeated damages. The fact that the extent of damage may be dependent upon uncertain future events has never been held to preclude the filing of suit nor to delay the accrual of the plaintiff's cause of action for purposes of the Statute of Limitations. *Dixon v. Shafton, supra* at 439.

Plaintiff's cause of action on Counts II, III and IV accrued when they first became aware that damage was occurring, a date alleged to be "several months after moving into their new home" on May 28, 1968. As to Count I, their cause of action for breach of the express warranty accrued one year thereafter. *Neal v. Laclede Gas Co., supra* at 718. In either case, the commencement of this action on August 12, 1976 was more than five years after their cause of action accrued. The trial court properly sustained the motion for judgment on the pleadings.

Judgment is affirmed.

CRANDALL, P.J., and CRIST and REINHARD, JJ., concur.

---

1. Fraud—§ 516.120(5), RSMo 1978; Medical Malpractice Where Foreign Objects Are Left in the Body After Surgery—§ 516.105, RSMo 1978.