**Charlie R. HARRISON and Dorothy E. Harrison, Plaintiffs-Appellants,**

v.

**O'DELL EQUIPMENT CO. INC., Cecil F. and Bobbie J. O'Dell, Defendants-Respondents.**

**No. WD 37015.**

Missouri Court of Appeals, Western District.

March 18, 1986.

Don Pierce, St. Joseph, for plaintiffs-appellants.

Thomas M. Moore, Kansas City, for defendants-respondents.

Before CLARK, P.J., and PRITCHARD and BERREY, JJ.

BERREY, Judge.

On June 22, 1984, plaintiffs filed a petition for damages. In Count II of their

petition, plaintiffs allege "[t]hat the defendants, Cecil F. and Bobbie J. O'Dell, entered into an agreement on the 31st day of May, 1974, to purchase from plaintiffs, Charlie R. Harrison and Dorothy Harrison, the Charles Harrison Plumbing and Heating Co., ... [and] part of said agreement provided that the defendants would be given credit for the sum of Fourteen Thousand Dollars ($14,000.00) in consideration of their doing a certain plumbing job for which the plaintiffs were under a verbal contract to perform and that by reason thereof, the defendants were given credit in the sum of Fourteen Thousand Dollars ($14,000.00) towards the purchase price of said corporation. [D]efendants failed to perform and to do said plumbing job and by reason thereof, they are indebted to plaintiffs in the sum of Fourteen Thousand Dollars ($14,000.00)."

The agreement was attached to the petition and the clause at issue reads:

It is further understood and agreed that O'DELL agrees to do the plumbing, heating and air-conditioning on the William C. Grace home in Country Club Place at the budget figure, not to exceed Fourteen Thousand Dollars ($14,000.00), there to be no cost to William C. Grace for this plumbing, heating and air-conditioning work. However, HARRISON hereby agrees that this Fourteen Thousand Dollars ($14,000.00) shall be credited towards the purchase price of Two Hundred Twenty-four Thousand Dollars ($224,000.00).

This agreement was admitted by O'Dell Equipment Co., and Cecil and Bobbie O'Dell in their separate answers.

All defendants filed a motion to dismiss alleging that (1) plaintiffs' petition failed to state a cause of action upon which relief may be granted; (2) plaintiffs' petition failed to plead the William C. Grace home was ever built; and that (3) the action was barred by either the five year or ten year statute of limitations set forth in §§ 516.-110 or 516.120. The court granted the motion and plaintiffs then filed an application for reconsideration of the judgment of dismissal with suggestions in support. The court reaffirmed its judgment of dismissal. Plaintiffs appealed.

■ Plaintiffs allege in their first point of error that the agreement was a writing for the "payment of money or property" and should be governed by the ten year statute of limitations in § 516.110, RSMo 1978. The court in *Lato v. Concord Homes, Inc.*, 659 S.W.2d 593, 594 (Mo.App. 1983), states that the above limitations period "applies only in instances in which an express written obligation provides for the payment of money or the delivery of property and that the money or property sued for is that money or property promised by the language of the writing." In *Lato,* purchasers of a newly constructed home brought a claim against defects in construction. The *Lato* court went on to state:

The object of the suit is to obtain compensatory damages. It is not an action to enforce compliance with the terms of the contract. As such, it is governed by § 516.120, RSMo.1978, the five year Statute of Limitations.

*Id.*

In the instant case, the agreement called for the performance of plumbing, heating and air conditioning work. The contract did not specifically provide for the return of the bargained-for reduction of the purchase price on the business if there was non-performance. The plaintiffs did not sue for specific performance but rather their pleading sets forth an action for breach of contract for the failure to perform and prays for money damages, albeit, the same figure as the reduction in price. The fact that the agreement breaks down the purchase price into specific components and the "William C. Grace Job" was given a specific value of $14,000.00 cannot be construed as calling for the return of the $14,000.00 if the job was not carried out. Therefore, like the *Lato* case, plaintiffs' action must come within the five years statute of limitations set forth in § 516.120, RSMo 1978, rather than the ten year period of limitations.

■ The critical question becomes at what point did the statute of limitations begin to run. Plaintiffs argue the trial court could not make that determination absent the presentation of evidence and therefore, the motion to dismiss was in error. This court agrees.

Dismissal is proper whereupon the face of the petition it reveals the claim is time barred. *Burr v. National Life & Accident Insurance,* 667 S.W.2d 5, 7 (Mo.App.1984). A review of the pleadings reveal that (1) the parties entered into an agreement on May 31, 1974; (2) the agreement provided that defendants perform work on the Grace home as part payment of the purchase price of the corporation; (3) the Grace home was never built; and that (4) plaintiffs filed their petition on June 22, 1984. Appellant O'Dell Equipment Co. erroneously suggests that the trial court could, from these facts alone, determine when plaintiffs' damages were "capable of ascertainment." *See Dixon v. Shafton,* 649 S.W.2d 435· (Mo. banc 1983). The contract set no time for performance of the Grace job and the parties did not assert any particular date as such.[1] Similarly, the parties advanced no date concerning when the failure to construct the home was realized. This court cannot say that plaintiffs could prove no set of facts in support of their claim that the action is not barred by the statute of limitations and that they are entitled to relief by way of damages. *AAA Excavating, Inc., v. Francis Construction, Inc.,* 678 S.W.2d 889, 893–894 (Mo.App.1984).

Accordingly, the judgment is reversed and the cause is remanded to the trial court to take evidence on the issue of when plaintiffs' damages were capable of ascertainment to permit amendment of pleadings if desired; and receive evidence as to the construction of the house and any consideration of issues which might be raised upon that fact.

PRITCHARD, J., concurs.

CLARK, C.J., concurs in result in separate concurring opinion.

CLARK, Chief Judge, concurring in result.

I concur in the decision in this case, but only to the extent the judgment sustaining defendants' motion to dismiss is reversed. I do not agree that the case poses for decision, as the majority opinion undertakes, a statute of limitations defense. The discussion in which the majority engages is gratuitous and unnecessary.

The facts of the case appear to be undisputed.[1] Plaintiffs contracted to sell and defendants agreed to buy plaintiffs' plumbing business for the price of $224,000.00. That price was payable $10,500.00 at the signing of the contract, monthly installments of $2004.54 for a term of 120 months and a credit against the purchase price of $14,000.00 in consideration for defendants' agreement to do the plumbing, heating and air conditioning on the "William C. Grace home." Plaintiffs' petition alleges and defendants' answer admits the work on the William C. Grace home was never performed. The present suit asserts that defendants owe a $14,000.00 balance on the contract purchase price because, having failed to perform the work, they are not entitled to the credit. The proffered defense appears to be a claim of failure of a condition subsequent, the construction of the Grace home. This, in turn, poses a question of the interpretation of the contract as to whether the failure of the condition excuses performance by defendants.[2]

1. The possibility may exist that the construction of the Grace home was not to take place until June, 1979, and hence the action would be timely filed.

1. Although the majority opinion assumes as a fact that the William C. Grace home was never built, the record does not support the assumption. No pleading, affidavit or admission establishes that the home was or was not constructed.

2. If properly posed, the question would be answered in the negative. If a party to a contract unconditionally undertakes to perform an act that is not impossible, but merely requires a third party to perform a preceding act, the party's performance is not deemed to be conditional on the third party's performance. *Juengel*

There is no statute of limitations problem on these facts regardless of whether the five or ten year statute is applicable. Plaintiffs commenced their suit less than thirty days after the final installment payment under the ten year term of the contract was made. Until the contract term for payment of the purchase price had run, plaintiffs had no cause of action for breach because the contract specified no time within which the work on the Grace home was to be performed in exchange for the credit. Indeed, if the construction of the Grace home had commenced even in the last month of the ten year installment payment period, defendants could have started work on the plumbing and not have been in violation of their contract undertaking. At a minimum, plaintiffs had five years from the last installment date to commence suit and obviously, the present action was brought well within that time.

The majority opinion falls into error in the inappropriate discussion and application of the "capable of ascertainment" test referred to in *Dixon v. Shafton*, 649 S.W.2d 435 (Mo. banc 1983). That concept has no bearing at all on this case. The test to which *Dixon* refers is applied where a wrong has been committed but the full extent of the damages sustained is not immediately apparent. *Dixon* held the statute of limitations to begin to run when the injured party knows he has a claim and some damages have been sustained. The phrase "capable of ascertainment" refers to the fact of damages and not to accrual of a cause of action.

The present case does not present a situation for application of the *Dixon* test. Plaintiffs' rights were those set out in the purchase contract. In the absence of any time limit for defendants' performance of the work on the Grace house, plaintiffs had no claim for breach of the contract until it had run its term. They therefore could claim no damages suffered at an earlier date and, concomitantly, they could not be held to a prior accrual of a limitation of action statute.

*Construction Co., Inc. v. Mt. Etna, Inc.,* 622

I would reverse the judgment and remand the case for further proceedings without the directions volunteered in the majority opinion.