Marjorie K. **RAJANNA,** Respondent,

v.

**KRR INVESTMENTS, INC.,** Third Party Defendant/Appellant.

No. WD 43205.

Missouri Court of Appeals, Western District.

April 16, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 28, 1991.

Application to Transfer Denied July 23, 1991.

---

Freddie Lawrence Warren, Kansas City, for third party defendant/appellant.

Regina Keelan Bass, Kansas City, for respondent.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

FENNER, Judge.

This appeal arises from a dissolution of marriage between respondent, Marjorie Rajanna, and Krishna Rajanna, M.D. Appellant, KRR Investments, Inc., (KRR) was a third party defendant at trial.

Krishna Rajanna and Marjorie Rajanna were married in December, 1970. There were four children born to the parties: Lisa Michelle Rajanna, born October 1, 1969; Krishna Ray Rajanna, born August 10, 1972; Ravi Jay Rajanna, born August 27, 1974; and Anil Clay Rajanna, born January 3, 1977. The parties separated on or about September 22, 1984. Marjorie Rajanna filed her Petition for Dissolution of Marriage on May 28, 1985, and the marriage was dissolved on December 29, 1988.

During the marriage the parties acquired thirty-six pieces of real property. The property in question, which included the marital residence, was originally purchased and owned by Krishna Rajanna and Marjorie Rajanna. When Krishna Rajanna determined that ownership of the property had become a financial liability, he formed KRR.[1] Krishna Rajanna initially held 100% interest in KRR. In June of 1975, Krishna Rajanna and Marjorie Rajanna transferred title to the property in question to KRR. At that time, Krishna Rajanna was president of KRR and he owned 100% of the stock.

The trial court ordered that KRR was to transfer all its right, title and interest in certain property to Marjorie Rajanna. The trial court found that KRR was not a bona

---

**1.** KRR represents the initials of the parties' old- est son.

fide purchaser of the property in question because KRR had acquired the property in fraud of Marjorie Rajanna's marital rights. Marjorie Rajanna testified and the trial court found, that she acquiesced in the initial transfer of title of the property in question to KRR on the faith of Krishna Rajanna's representation that the transfer was for the protection of their marital assets and that the transfer would not "for all practical intents and purposes," change their ownership of the property.

In its appeal, KRR argues that § 516.010, RSMo 1986,[2] barred the trial court from setting aside the deeds of the property in question and ordering title transferred to Marjorie Rajanna. Marjorie Rajanna argues that Krishna Rajanna's fraudulent acts tolled the limitation of § 516.010.

A constructive trust is a method or formula used by a court of equity as a means of effecting restitution or rectifying a situation where, as a result of a violation of a confidence or faith reposed in another, the party who seeks the aid of equity, has been wrongfully deprived of or lost some title. *Neal v. Sparks*, 773 S.W.2d 481, 486 (Mo.App.1989). A breach of a fiduciary relationship is, in itself, constructive fraud sufficient to warrant imposition of a constructive trust. *State Automobile and Casualty Underwriters v. Johnson*, 766 S.W.2d 113, 124 (Mo.App.1989). A marital relationship creates a fiduciary relationship between a husband and wife involving the highest trust and confidence. *White v. Roberts*, 637 S.W.2d 332, 334 (Mo.App. 1982).

A constructive trust is exempted from the provisions of the Statute of Frauds by reason of § 432.010. *Schoenberg v. Schoenberg*, 615 S.W.2d 111, 115 (Mo.App.1981). Furthermore, in the case of a breach of a constructive trust the ten year limitation of § 516.010 does not begin to run until the date upon which the trustee repudiates the trust. *Id.*

The transfer of title to KRR from Krishna Rajanna and Marjorie Rajanna

took place in June of 1975. Marjorie Rajanna did not challenge the transfer of title until 11 years later when she filed her Third Party Petition in this cause on June 20, 1986.

At the time of initial transfer in June of 1975, Krishna Rajanna was the sole stockholder and the president of KRR. Krishna Rajanna represented to Marjorie Rajanna that the property was transferred to KRR to protect their marital assets and that, for all practical intents and purposes, there would be no change in their ownership of the property.

After the transfer of property to KRR, Krishna Rajanna and Marjorie Rajanna would shift personal funds into KRR bank accounts and also shift KRR funds into their personal accounts as needed. Krishna Rajanna and Marjorie Rajanna continued to show property titled to KRR for rent, to collect rent, prosecute rent and collection actions, service mortgages, defend code violation citations, repair properties, and list the properties as personal deductions on their federal income taxes.

Within the same month that Krishna Rajanna and Marjorie Rajanna transferred title to their property to KRR, Krishna Rajanna transferred all of his stock in KRR to three individuals in India. This stock transfer was not discovered by Marjorie Rajanna until February of 1986, during the course of discovery in this dissolution proceeding.

Krishna Rajanna was the president and sole stockholder of KRR when he made fraudulent representations to Marjorie Rajanna causing her to transfer her interest in the property in question to KRR. In fact, at the time of the transfer, the evidence shows that KRR was the alter ego of Krishna Rajanna. Krishna Rajanna acted as president of KRR and as Marjorie Rajanna's husband in securing the transfer of property to KRR. Krishna Rajanna then, without Marjorie Rajanna's knowledge, transferred his interest in KRR to the current stockholders, in breach of his representations to Marjorie Rajanna. Even af-

---

**2.** All statutory references are to RSMo 1986, unless otherwise specifically stated.

ter Krishna Rajanna transferred his interest in KRR, his actions of handling the business of KRR concealed from Marjorie Rajanna that by transferring the stock of KRR he had in effect transferred ownership of their property. KRR did not take title to the property in question in good faith by virtue of the false representations of its president.

The record establishes a constructive trust in relation to the property in question between Marjorie Rajanna and KRR, as KRR was represented by Krishna Rajanna, Marjorie Rajanna's husband and KRR's president and sole stockholder at the time the property was transferred.

The ten year limitation of § 516.010 did not begin to run until KRR refused to return Marjorie Rajanna's interest in the property in question to her.

The judgment is affirmed.

All concur.