IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT

 PATRICIA BROWN, )
 )
 Appellant, )
 WD84032
 v. )
 )
 OPINION FILED:
 )
 August 3, 2021
 MARJORIE PINT, et al., )
 )
 Respondents. )

 Appeal from the Circuit Court of Atchison County, Missouri
 The Honorable Roger M. Prokes, Judge

 Before Division Two: Mark D. Pfeiffer, Presiding Judge, and
 Alok Ahuja and Karen King Mitchell, Judges

 Patricia Brown appeals from the dismissal of her petition seeking a constructive trust

against several of her family members based upon a beneficiary deed executed in 2001 (just before

her father’s death) that gave an interest in real estate owned by her father to her three aunts in equal

shares. The circuit court dismissed Brown’s petition upon motions by each of the defendants

alleging that the statute of limitations had run on Brown’s claims. Brown raises two points on

appeal. First, she argues that the statute of limitations does not run against a constructive trust

until the trust is repudiated by the trustee(s), which she claims occurred in 2019. And, second, she
argues that the statute of limitations is inapplicable insofar as her claims fall within the continuing

wrong or injury exception. Finding no error, we affirm.

 Background1

 Brown’s father William C. Cook acquired a 25% share of real estate located in Atchison

County, Missouri, that had been owned by his father Claude C. Cook, upon Claude’s passing in

1987. Each of Claude’s other three children (Marjorie Pint, Shirley Richards, and Catherine

Hawk) also acquired a 25% share of Claude’s real estate. William, Marjorie, Shirley, and

Catherine made various conveyances of the property over the next several years, but, as of July

2001, William owned a 25% interest in the remaining real estate.

 In July 2001, William had a significant stroke, leaving him unable to speak or write. As

of July 31, 2001, William remained hospitalized in Omaha, Nebraska, with doctors advising that

he was unlikely to recover from his stroke. On July 31, 2001, William purportedly executed a

general durable power of attorney appointing Shirley as his attorney-in-fact. Because William was

in such poor health, he could not sign his name to the power-of-attorney form and, instead, marked

the signature line with an “X.” The form was signed by only one witness in addition to a notary

public, and the form was filed with the Atchison County Recorder’s office on August 3, 2001.

 On August 3, 2001, using her power of attorney, Shirley executed a beneficiary deed for

William’s interest in the real estate in favor of Shirley, Marjorie, and Catherine in equal shares as

tenants in common. Neither Shirley, nor Marjorie, nor Catherine paid any consideration for the

interest they received. The beneficiary deed was also filed with the Atchison County Recorder’s

 1
 “For the purpose of determining whether dismissal is appropriate, we assume all of the petition’s averments
are true and liberally grant all reasonable inferences drawn therefrom.” Hartman v. Logan, 602 S.W.3d 827, 836 (Mo.
App. W.D. 2020).

 2
office on August 3, 2001.2 William died on August 9, 2001, leaving only his two children, Brown

and her brother.3

 At the time of William’s death, Shirley, Marjorie, and Catherine advised Brown that she

had no interest in the Atchison County real estate and that she needed to open a probate estate in

Nebraska related to an apartment located there that William owned at the time of his death. Brown

opened and administered a Nebraska estate for William, but no probate estate was opened in

Atchison County, Missouri.

 Brown had no knowledge of either the power of attorney or the beneficiary deed until 2018,

when she was contacted regarding an action to quiet title to a small portion of the Atchison County

real estate. Brown then filed the underlying petition on February 7, 2020, naming Shirley,

Marjorie, Samantha Sloop, and Double D Double S LLC as defendants. 4 All defendants sought

dismissal on the ground that Brown’s claims were barred by the statute of limitations. The circuit

court granted the motions and dismissed Brown’s petition with prejudice. Brown appeals.

 Standard of Review

 “We review the trial court’s grant of a motion to dismiss de novo.” Brantl v. Curators of

Univ. of Mo., 616 S.W.3d 494, 497 (Mo. App. W.D. 2020). “Whether a statute of limitations bars

an action is a question of law, which is subject to de novo review.” Id. Though the statute of

limitations is an affirmative defense that ordinarily must be raised in a responsive pleading and

proven with evidence, Rule 55.08,5 “[i]f it clearly appears from the petition that a cause of action

 2
 Attached to Brown’s petition as Exhibit C is a portion of the beneficiary deed; specifically, it is labeled as
“Exhibit A” and describes the property subject to the deed. What it fails to include, however, is the actual deed itself,
wherein there is a stamp showing the deed filed with the Atchison County Recorder’s office on August 3, 2001. This
is evident because the suggestions in support of Marjorie’s motion to dismiss attached the beneficiary deed in its
entirety, and it bears the same book and page number stamp apparent on Brown’s Exhibit C.
 3
 Brown’s brother died April 14, 2009, leaving no surviving spouse or children.
 4
 Sloop and Double D Double S LLC owned an interest in the Atchison County real estate as a result of
transfers from Shirley to her children. Catherine Hawk, however, was not included as a defendant.
 5
 All rule references are to the Missouri Supreme Court Rules (2020).

 3
is barred by a statute of limitations, a motion to dismiss on that ground is properly sustained.”

Brantl, 616 S.W.3d at 497 (quoting McCormick v. Centerpoint Med. Ctr. of Indep., LLC, 534

S.W.3d 273, 277 (Mo. App. W.D. 2017)).

 I. Brown’s claims are barred by the statute of limitations.

 In her first point on appeal, Brown argues that the circuit court erred in dismissing her

petition because the court misapplied the law regarding application of the statute of limitations for

constructive trusts. Brown concedes that the applicable statute of limitations is § 516.010 (actions

for recovery of lands),6 which requires claims to be brought within ten years of the alleged

wrongful possession or taking.7 Brown argues, however, that because she is seeking a constructive

trust, the statute does not begin to run unless and until the trust is repudiated, which she asserts

occurred in 2019, making her petition timely.

 [A] constructive trust is the method or formula used by a court of equity as a means
 of effecting restitution or of rectifying a situation where, as the result of the
 violation of confidence or faith reposed in another, or fraudulent act or conduct of
 such other, the plaintiff, who seeks the aid of equity, has been wrongfully deprived
 of, or has lost some title, right, equity, interest, expectancy, or benefit, in the
 property which otherwise and but for such fraudulent or wrongful act or conduct,
 he would have had.

Wier v. Kansas City, 204 S.W.2d 268, 270 (Mo. 1947). There are generally two situations that

give rise to a constructive trust: (1) “where there is fraud or unethical conduct in the acquisition

of property,” and (2) “where the securing of title was rightful but the retention of the property was

wrongful.” George Gleason Bogert et al., Bogert’s The Law of Trusts and Trustees § 953 (June

2021 update).

 6
 All statutory citations are to the Revised Statutes of Missouri (2016), unless otherwise noted.
 7
 Brown’s petition includes several averments in the nature of fraud, but § 516.010 contains no exception for
fraud. Turnmire v. Claybrook, 204 S.W. 178, 180 (Mo. 1918) (“The statutes applicable to land cases have no such
exceptions as to fraud.”). And “[f]ailure to discover fraud, by which a defendant obtained the land, or acts of a
defendant in concealing fraud, does not toll the running of this statute.” Branner v. Klaber, 49 S.W.2d 169, 177 (Mo.
1932). As Brown has conceded that § 516.010 is the applicable statute of limitations for her cause of action, her
averments regarding fraud are largely irrelevant.

 4
 In cases alleging wrongful acquisition, a cause of action to recover the property accrues

immediately, “without need for a repudiation of the obligation by the titleholder, and the [s]tatute

of [l]imitations should begin to run at once against the injured party,” so long as the injured party

is competent and has actual or imputed notice. Id.; see Ricords v. Watkins, 56 Mo. 553, 555 (1874)

(holding that statutes of limitations apply to constructive trusts and “will run from the time that the

facts are brought home to the knowledge of the party”); Kerber v. Rowe, 156 S.W.2d 925, 928-29

(Mo. 1941) (same).

 In cases of rightful acquisition but wrongful retention of property, on the other hand, the

statute of limitations does not begin to run until there is a repudiation of the trust by the property

holder. Bogert’s The Law of Trusts and Trustees § 953. In these cases, the repudiation is

necessary, “not for the purpose of starting the running of the [s]tatute of [l]imitations but for the

purpose of creating a situation where there is a wrong which may be the foundation of a

constructive trust.” Id.; see Keeton’s Heirs v. Keeton’s Adm’r, 20 Mo. 530, 540 (1855)

(analogizing wrongful retention cases to the law of tenants in common and noting that, “when [a

tenant in common] denies the title of his partner, claims the whole exclusively, and will not suffer

him to enter, the presumption of an ouster arises, and the statute [of limitations] takes effect”). A

constructive trust arises in this situation typically as a result of a confidential relationship; thus,

“the right to obtain a constructive trust does not exist until the grantee has violated the confidence

and denied any obligation to the grantor.” Bogert’s The Law of Trusts and Trustees § 953.

 In either scenario, however, “the [s]tatute of [l]imitations does not run against [the claim]

until the injured person knew of the wrong or had notice of facts which should have brought to

him knowledge of the illegality.” Id. “The rights of the beneficiary are not affected where [either]

 5
the trustee conceals the unlawful act, or for [some] other reason[,] not involving neglect on the

part of the beneficiary[,] notice of it does not come to him.” Id.

 In this case, Brown’s petition seeks a constructive trust as a matter of wrongful acquisition

of property, as evidenced by her allegations that both the power of attorney and subsequent

execution of a beneficiary deed in 2001 were fraudulent and void.8 Accordingly, the statute of

limitations began to run at the time of William’s death on August 9, 2001, when the property

transferred automatically to Shirley, Marjorie, and Catherine under the beneficiary deed, unless

Brown was either incompetent or lacked notice of the transfer.

 Brown’s petition makes no allegation of incompetence but claims a lack of actual notice of

the allegedly fraudulent conveyance. The petition alleged that Shirley, Marjorie, and Catherine

advised Brown, after her father’s death, that she had no interest in the property, 9 and she further

alleged that she did not learn of either the power of attorney or the beneficiary deed until 2018.

But, even if the conveyance itself were fraudulent, the ten-year limitations period of § 516.010 is

not tolled by either fraudulent acts or the failure to discover fraudulent acts. Branner v. Klaber,

 8
 Normally, a “prospective heir . . . has no fixed or vested interest in a testator’s property before the death of
the testator.” Miller v. Mauzey, 960 S.W.2d 564, 567 (Mo. App. W.D. 1998). Thus, at the time the beneficiary deed
was executed, Brown was merely an “heir expectant” or “heir apparent.” Id. When an heir apparent seeks to impose
a constructive trust based on a mere expectation of property, she “must show that the grantor of the interest,” here
Brown’s father William, “was fraudulently induced[] by [the grantee’s] promise[] to devise the property in question
to [the heir apparent].” Id. at 569. Brown’s petition makes no allegation that Shirley made any promises to William
to induce his execution of the power of attorney or the subsequent beneficiary deed. In fact, the only allegation of
wrongdoing in connection with the power of attorney and beneficiary deed is that the power of attorney did not
authorize Shirley to execute the beneficiary deed, though Brown fails to identify why the deed was unauthorized.
“Courts of equity view with disfavor suits that are brought long after the transactions litigated have occurred, and long
after death has sealed the lips of those familiar with occurrences so remote in point of time.” Burdette v. May, 12
S.W. 1056, 1057 (Mo. 1890).
 9
 Brown characterizes this representation as false, but, at the time of William’s death, the beneficiary deed
operated to automatically transfer the property to Shirley, Marjorie, and Catherine. Accordingly, the representation
was accurate.

 6
49 S.W.2d 169, 177 (Mo. 1932).10 Therefore, the only facts of which Brown needed notice were

those evidencing the conveyance.

 Both the power of attorney and the beneficiary deed were on file with the Atchison County

Recorder’s office beginning August 3, 2001. Because “recording a deed evidences a transfer of

property,” Saidawi v. Giovanni’s Little Place, Inc., 987 S.W.2d 501, 507 (Mo. App. E.D. 1999),

Brown was “chargeable by law with notice of the recorded conveyance.” Coleman v. Alderman,

210 S.W.2d 994, 996 (Mo. 1948); see also Larabee v. Eichler, 271 S.W.3d 542, 546 (Mo. banc

2008) (“[T]he proper record of an instrument authorized to be recorded . . . is notice to interested

parties.”). And, because Brown had notice of the conveyance, the ten-year statute of limitations

began to run on August 9, 2001, when the property passed, by the beneficiary deed, to Shirley,

Marjorie, and Catherine.

 Brown further argues that the statute of limitations did not begin to run until the alleged

trust was repudiated. In making this argument, she relies on Imgrund v. LaRue, 851 S.W.2d 40

(Mo. App. E.D. 1993) and Rajanna v. KRR Investments, Inc., 810 S.W.2d 548 (Mo. App. W.D.

1991). In both cases, the courts held that, “[i]n the case of a breach of a constructive trust, the

ten[-]year statute of limitations of § 516.010 . . . does not begin to run until the date upon which

the trustee repudiates the trust.” Imgrund, 851 S.W.2d at 45 (citing Rajanna, 810 S.W.2d at 550).

 10
 Additionally, Brown’s petition failed to state sufficient allegations to support even a claim of fraud. “A
party seeking to avoid the bar of the statute on account of fraud must aver and show that he used due diligence to
detect it, and, if he had the means of discovery in his power, he will be held to have known it.” Shelby Cty. v. Bragg,
36 S.W. 600, 602 (Mo. 1896) (quoting Wood v. Carpenter, 101 U.S. 135, 141 (1879)). Nowhere in the petition did
Brown allege what efforts, if any, she took to discover the truth before 2018.
 Brown argues that she was in a confidential relationship with her aunts and suggests that, because of that
relationship, she was relieved of any obligation to investigate and, further, that the existence of that confidential
relationship, alone, provided an independent basis to establish a constructive trust. The problem with this argument
is two-fold: (1) the existence of a confidential relationship is relevant only to Brown’s allegations of fraud; and (2)
Brown’s concession that § 516.010 is the applicable statute of limitations makes her claims of fraud (and any
corresponding duties of investigation) irrelevant.

 7
 There are two flaws in Brown’s reliance on these cases, however. First, both cases were

based on misrepresentations made in the course of established confidential relationships, involving

the rightful acquisition but wrongful retention of property. Id. at 43-45 (stepmother hid life

insurance payments following husband’s death from dependent minor beneficiaries); Rajanna, 810

S.W.2d at 550 (husband made representations to wife causing her to transfer her property interests

to husband’s company, which he then transferred to others without wife’s knowledge or consent).

As discussed, supra, in rightful acquisition/wrongful retention cases for constructive trusts,

repudiation establishes the wrongful conduct that starts the running of the statute of limitations

because the repudiation, itself, creates the wrongful conduct. Brown, however, relied on a theory

of wrongful acquisition, rather than a rightful acquisition and wrongful retention. Therefore,

Brown cannot rely on the date of a purported repudiation to toll the statute of limitations, as it is

irrelevant in a claim based on wrongful acquisition.

 The second flaw in Brown’s argument is that, even if her theory were based on rightful

acquisition and wrongful retention,11 there is no allegation whatsoever of repudiation in the

petition. “A constructive trust is repudiated when the beneficiaries discover the wrongful

appropriation and demand return of the property so long as they had no other reasonable means of

discovering the existence of the missing or misappropriated property.” Imgrund, 851 S.W.2d at

45. Though Brown’s petition alleges that she did not discover the wrongful appropriation until

2018, she makes no allegation that she thereafter demanded return of the property or that she lacked

other reasonable means of discovering the existence of the misappropriated property.

 11
 As noted, supra, in note 10, Brown sought to rely on the alleged confidential relationship to independently
established a constructive trust. But establishing a constructive trust in this manner generally relies on a theory of
rightful acquisition and wrongful retention of property. Bogert’s The Law of Trusts and Trustees § 953. And Brown’s
theory was plainly based on wrongful acquisition. And, though a party is permitted to plead in the alternative, there
was nothing in Brown’s petition indicating that to be her intent.

 8
 In sum, Brown failed to include sufficient allegations in her petition to toll the running of

the statute of limitations. Because more than ten years elapsed between the transfer of the property

upon her father’s death in 2001 and the filing of her petition in 2020, it is apparent from the face

of the petition that Brown’s claims are barred by the statute of limitations. Accordingly, the circuit

court did not err in granting the defendants’ motions to dismiss on this basis.

 Point I is denied.

 II. Brown’s claims do not involve a continuing wrong or injury.

 In her second point, Brown argues that, in dismissing her petition, the circuit court

erroneously applied the law insofar as her claims were timely under the continuing wrong or injury

exception to the statute of limitations. We disagree.

 If the wrong alleged is one that “continue[s] from day to day” and “create[s] a fresh injury

from day to day, and the wrong is capable of being terminated, a right of action exists for the

damages suffered within the statutory period immediately preceding suit.” Davis v. Laclede Gas

Co., 603 S.W.2d 554, 556 (Mo. banc 1980). “The continuing-wrong exception does not apply,”

however, where “the injury emanates from a completed act.” Smock v. Associated Elec. Coop.,

Inc., 567 S.W.3d 211, 219 (Mo. App. W.D. 2018). “When there is only one wrong, [even if it]

results in continuing damage, the cause of action accrues when that wrong is committed and the

damage sustained is capable of ascertainment.” Id. at 218 (quoting Randolph v. Mo. Highways &

Transp. Comm’n, 224 S.W.3d 615, 619 n.4 (Mo. App. W.D. 2007)). “[T]he fact that the alleged

effects of that act are continuing and even expanding does not transform the act into a continuing

[wrong].” Id. at 220.

 Here, the crux of Brown’s claim is that, as a result of the defendants’ wrongful acquisition

of the property, they have received and continue to receive rental income from the property,

 9
thereby depriving Brown of that income, which she claims causes a fresh injury day-to-day. But

the only wrongful conduct alleged is that leading to acquisition of the property. A loss of rental

income is a measure of damages flowing from wrongful conduct. See, e.g., Renaissance Leasing,

LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 125 (Mo. banc 2010). It is not, itself, a wrongful act.

What Brown has alleged does not involve “continuous or repeated wrongful acts, merely

continuing and repeated damages.” Lato v. Concord Homes, Inc., 659 S.W.2d 593, 595 (Mo. App.

E.D. 1983). Accordingly, the continuing wrong or injury exception is inapplicable.

 Point II is denied.

 Conclusion

 The circuit court did not err in dismissing Brown’s petition with prejudice as barred by the

statute of limitations. Its judgment is affirmed.

 Karen King Mitchell, Judge

Mark D. Pfeiffer, Presiding Judge, and Alok Ahuja, Judge, concur.

 10